UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  11-CV-80416-RYSKAMP

CORDELL CONSULTANTS, INC.,
MONEY PURCHASE PLAN,
a Virginia corporation,

        Plaintiff,

v.

ELIOT C. ABBOTT, et al.

        Defendants.
_____/

**BRYAN J. YARNELL'S NOTICE OF CHARGING LIEN
AND REQUEST FOR RULING AS TO WHETHER THE ATTORNEY OR CLIENT
MUST PAY FOR THE SANCTIONS GRANTED AGAINST THE PLAINTIFF FOR
FAILING TO ANSWER QUESTIONS AT A 30(b)(6) DEPOSITION**

    Bryan J. Yarnell, Esq., on behalf of himself and Gilbert | Yarnell, hereby files this notice of Charging Lien and Request for Ruling on Sanctions Order and states as grounds therefore the following:

    1. The undersigned has represented Plaintiff Cordell for years prior to the dissolution of the law firm of Gilbert | Yarnell on or about June 30, 2015.  In keeping with a long-standing agreement, the undersigned was required to be paid when Irwin R. Gilbert, Esq., received payment from the client.  However, despite receiving significant funds in excess of the amounts charged for expenses in 2015, Mr. Yarnell has received no payments from either Cordell or Irwin Gilbert who apparently has been paid for the work performed by the undersigned in this case.  Instead, Mr. Gilbert has unilaterally imposed his view that the undersigned is somehow responsible for the approximately $26,000.00 in sanctions that this court imposed against Plaintiff Cordell for the reasons stated in the sanctions' order.

2. Although the undersigned was not involved in any way with the preparation of the witness for deposition, Mr. Gilbert has attempted to lay the blame for the sanctions at Mr. Yarnell's feet. Mr. Gilbert's excuse for not paying Mr. Yarnell is that he asked Mr. Yarnell to file something that was not filed for reasons that cannot be disclosed in fear of divulging client confidences. Although the undersigned did not wish to have the matter come to this level and bother the court with this issue, it is plain that the undersigned will not be paid by Mr. Gilbert under any circumstance given his recent refusal to provide for a charging lien in another case for which Mr. Yarnell did significant work including the prosecution of an appeal that saved the case from a summary judgment that was granted against the client in that case. There is simply no trust that can be had as to anything Mr. Gilbert says because of the following misrepresentations made to Mr. Yarnell.

3. Upon information and belief, Mr. Gilbert has been paid in excess of $300,000.00 towards the fees owed by the Plaintiff in this case for the work done by Gilbert | Yarnell and Mr. Yarnell. Mr. Yarnell has received neither an accounting of those fees nor any payments towards the fees that are owed to him. Instead, Mr. Gilbert has steadfastly refused to tell Mr. Yarnell the truth about the payments made by the Plaintiff for the services rendered in this case. In fact, when Mr. Yarnell asked Mr. Gilbert's book-keeper for an accounting of the payments made by the client after the client told Mr. Yarnell that a payment of $100,000 had been made to the firm, Mr. Yarnell was told that Mr. Gilbert had only been paid the $100,000 this year by the client on this case. This representation came after the client told Mr. Yarnell about the payment.

4. The undersigned was able to confirm from the accounting software that the undersigned has paid for for years that Mr. Gilbert used to bill the client in this case, that Mr. Gilbert in fact had received nearly $250,000 in payments when his book-keeper told Mr. Yarnell

that the firm had only received $100,000.  Furthermore, when his book-keeper was asked about payments made for Sayed Zonaid's and Jimmy Mintz's services to the client in this case, Mr. Yarnell was told that no payments had been received for their services.  The firm's accounting software shows that at the time of the misrepresentation, the firm had been paid roughly $28,500 for those two attorneys' services, half of which should have been paid to Mr. Yarnell.

    5. Although the undersigned did not desire to have this Court weigh in on this issue, the undersigned is forced to file his notice of charging lien given the fact that his former partner has chosen to go down a path that involves mischaracterizing events and laying blame at his feet. Since this Court issued the sanctions order, only this Court can decide who should pay it.  As far as the undersigned knows, the client has already paid the sanction given the recent filing by Mr. Gilbert seeking leave to pay it on a date certain because he was awaiting payment by the client. An interesting statement given that Mr. Gilbert has assessed that sanction against Mr. Yarnell without Mr. Yarnell's agreement.  Furthermore, unbeknownst to Mr. Yarnell, Mr. Gilbert took fees that belonged to Mr. Yarnell on another matter from the corporate account of Gilbert | Yarnell and kept them for himself when those fees belonging to Mr. Yarnell should have either been left in the corporate account or been paid to Mr. Yarnell.  Mr. Gilbert recently claimed that he was withholding payment from Mr. Yarnell from that case for some other contrived reasons.

    6. In any event, because Mr. Gilbert is insisting that Mr. Yarnell pay the sanctions imposed by this Court on the Plaintiff, the undersigned is forced to seek a ruling from this Court as to whether he is required to pay for the sanctions assessed against the Plaintiff in this case or if those sanctions are to be paid by the Plaintiff.  Furthermore, the undersigned is entitled to a charging lien against any and all payments made to the Plaintiff as a result of a settlement or judgment or otherwise.

**WHEREFORE**, Plaintiff requests that the Court rule on this motion as to who must pay the sanctions, allow the undersigned to breach the attorney-client privilege to defend against Mr. Gilbert's unwarranted accusations of breaching his duty to the client, for an accounting of all fees paid by the client to towards any bills due and owing in this case and for a charging lien to be imposed against any settlement, judgment or other payments made in this case until Mr. Yarnell is paid in full for his services as well as for his share of any staff fees.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 18, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically transmitted notices of electronic filings.

BRYAN J. YARNELL, PLLC
11000 Prosperity Farms Road, Suite 205
Palm Beach Gardens, FL 33410
(561) 952-0671 - Telephone
(561) 828-6293 – Facsimile
byarnell@gilbertyarnell.com
bryanyarnell@gmail.com

By: /s/ Bryan J. Yarnell
     BRYAN J. YARNELL, ESQ.
     Florida Bar No.: 88900

**Service List**

| | |
|---|---|
| Ramon Rasco, Esq.<br>Fla. Bar No.: 0617334<br>rrasco@podhurst.com<br>**Podhurst Orseck, PA.**<br>City National Bank Building, 8th Floor<br>25 West Flagler Street<br>Miami, FL 33130<br>Telephone: (305) 358-2800<br>Facsimile: (305) 358-2382<br>*Counsel for Defendant Eliott C. Abbot*<br><br>Howard D. DuBosar, Esq.<br>Fla. Bar No.: 729108<br>dubosarh@dubolaw.com<br>**The DuBosar Law Group, P.A.**<br>Attorneys for Kluger Peretz Kaplan & Berlin, P.L.<br>1800 N. Military Trail, Suite 470<br>Boca Raton, FL 33431<br>Telephone: (561) 544-8980<br>Facsimile: (561) 544-8988<br>*Counsel for Defendant, Kluger, Peretz, Kaplan & Berlin, P.L.*<br><br>Edward R. Shohat, Esq.<br>JONES WALKER<br>201 South Biscayne Blvd., Suite 2600<br>Miami, Florida 33131<br>Telephone 305.679.5700<br>Facsimile 305.679.5710<br>eshohat@joneswalker.com<br>*Co-counsel for Defendant Steven I. Abbey Kaplan* | Deborah S. Corbishley, Esq.<br>Fla. Bar No.: 588229<br>dcorbishley@kennynachwalter.com<br>Richard H. Critchlow, Esq.<br>Fla. Bar No.: 155227<br>rcritchlow@kennynachwalter.com<br>**Kenny Nachwalter, P.A.**<br>201 South Biscayne Boulevard<br>Suite 1100<br>Miami, FL 33131<br>Telephone: (305) 373-1000<br>Facsimile: (305) 372-1861<br>*Counsel for Defendants Abbey L. Kaplan and Steve I. Silverman*<br><br>Marilyn G. Kohn, Esq.<br>Fla. Bar No.: 168009<br>mkohn@klugerkaplan.com<br>**Kluger, Kaplan, Silverman, Katzen & Levine, P.L.**<br>201 S. Biscayne Blvd., 17th Floor<br>Miami, Florida 33131<br>Phone: (305) 379-9000<br>Facsimile: (305) 379-3428<br>*Counsel for Defendants, Abbey L. Kaplan and Steve I. Silverman*<br><br>Irwin R. Gilbert, Esq.<br>Kelly Kronenberg<br>1475 Centrepark Boulevard | Suite 275<br>West Palm Beach | FL 33401<br>igilbert@kelleykronenberg.com<br><br><br>Robin Rodriguez<br>Cordell Funding<br>robinrodriguez@anglofinancial.com |