UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  11-CV-80416-RYSKAMP

CORDELL CONSULTANTS, INC.,
MONEY PURCHASE PLAN,
a Virginia corporation,
                Plaintiff,
v.

ELIOT C. ABBOTT, et al.,
                Defendants.
_____/


**PLAINTIFF'S AMENDED MOTION TO STRIKE BRYAN YARNELL'S NOTICE OF
CHARGING LIEN AND REQUEST FOR RULING [D.E. 696]**

Plaintiff hereby moves to strike D.E. 696 and states:

1.      Bryan Yarnell filed an unauthorized and meritless Notice of Charging Lien and seeks to involve this Court in an internecine dispute over which the Court lacks subject matter jurisdiction and Mr. Yarnell lacks standing.

## BACKGROUND

2.      Cordell Consultants, Inc. engaged Irwin Gilbert to represent it in the instant lawsuit, as it has in prior cases over an eight year period.  *See* Declaration of Robin Rodriguez (hereafter "Rodriguez Dec.") at paragraph 2.

3.      The Gilbert | Yarnell corporation was formed in January of 2011, with Irwin Gilbert as its President.  The attorney's fees charged to Plaintiff were charged by Irwin R. Gilbert, P.A. and fees were paid to that entity.  *See* Rodriguez Dec. at paragraph 3.  Yarnell was not engaged by

the client.  Yarnell certainly performed work on this case, but his claims are solely against Gilbert | Yarnell Corporation, which engaged him to work on the case.[1]

4.      There is no dispute between Plaintiff and its lawyers regarding the payment of attorney's fees.  An arrangement for the scheduling of payment of fees was made with the Plaintiff and the Plaintiff has fully complied with that arrangement.

5.      Irwin Gilbert, P.A. elected to terminate its relationship with Bryan Yarnell.  The reasons relate to multiple issues that arose in this case, but are not pertinent to the present matter.

6.      In the course of winding down the law firm's practice, there are a myriad of liabilities that have to be paid, and an accounting is required by the respective participants.[2]  Mr. Yarnell appears to be disgruntled over this otherwise unavoidable process.

7.      The Plaintiff has not disputed its liability to pay fees and has not avoided or attempted to avoid such liabilities.

## ARGUMENT

### I.      Yarnell fails to establish the basis for a charging lien.

8.      A charging lien is an equitable right to have costs and fees due an attorney for services in the suit secured for payment.  *Louis, Siegel, Heath, Nussbaum & Zatvernik, P.A. v. Baucom,* 428 So.2d 1383 at 1384 (Fla. 1983).  To have standing to assert a charging lien for attorney's fees, an attorney must show: (i) an express or implied contract between attorney and client; (2) an express or implied understanding for payment of attorney's fees out of the recovery;

---

[1] Yarnell was paid by Irwin Gilbert, P.A., not the client.  It is plain from the purported Charging Lien [D.E. 696] that Yarnell's dispute is with Irwin Gilbert, P.A., not the client.  Yarnell was paid pursuant to a verbal at-will agreement.

[2] Mr. Yarnell is obliged to account for fees received in various cases and pay portions of those proceeds as well as contribute to the payment of the firm's liabilities.

(3) either an avoidance of payment or a dispute as to the amount of fees; and (4) timely notice. *See*, *Daniel Mones, P.A. v. Smith,* 486 So.2d 559 at 561 (Fla. 1986).

9.      'Avoidance of payment' arises where there has been an attempt to avoid the payment of fees.  *See*, *Worley v. Phillips,* 264 So.2d 42 (Fla. 2nd DCA 1972).

10.     Further, "There must also be an understanding express or implied, between the parties that the payment is either dependent upon recovery or that payment will come from the recovery."  *Miller v. Scobie,* 152 Fla. 328, 11 So.2d 892 (Fla. 1943).

11.     Yarnell utterly fails to establish the elements for the assertion of a charging lien. He identifies no agreement between him and the client, no dispute with the client and no entitlement to be paid directly by the client.

12.     Yarnell describes an internecine dispute that does not logically involve the Plaintiff or this Court.

## II.      This Court lacks supplemental jurisdiction over this dispute or should decline to accept it.

13.     District courts apply a four factor test when deciding to exercise ancillary jurisdiction: (1) the ancillary matter should arise from the transaction that was the basis for the principal proceeding, or as an integral part of the main proceeding; (2) the federal court should be able to determine the matter without a substantial new fact-finding proceeding; (3) failing to determine the matter should not deprive a party of any important procedural or substantive right; and (4) the matter should be decided if necessary to protect the integrity of the principal proceeding or insure that its disposition is not frustrated.  *Bruton v. Carnival Corp.* 916 F. Supp 2d. 1262 at 1263-64, 1266-67 (S.D. Fla. 2012) (citing *Jenkins v. Weinshienk*, 670 F.2d 915, 918 (10th Cir.1982)).

14.     Yarnell's assertions fail to satisfy any of the foregoing factors.

15.     An exception to this general rule is that attorneys may seek to adjudicate disputes with a party to a federal lawsuit and that party's attorney over a suitable legal fee. *Gottlieb v. GC Financial Corp.,* 97 F.Supp 2d 1310 (S.D. Fla. 1999). The instant dispute is not between a client and his lawyer. The dispute is between two lawyers, one the former employer of the other.

16.     A fairly similar dispute arose in this Court in *American Federation of State, County, and Municipal Employees (AFSCME) v. Scott,* 949 F.Supp.2d 1239 (S.D. Fla. 2013). In that case, a lawyer named Peter Walsh worked at Stabinski & Funt, P.A. ("Stabinski") and was retained as counsel for a federal lawsuit. During the lawsuit, Stabinski advanced costs and was listed in Walsh's signature block when he filed documents. *Id.* at 1242. When Walsh left the firm, Stabinski petitioned this Court for a charging lien. *Id.* at 1241. This Court declined to exercise ancillary jurisdiction because the dispute was between a lawyer and his former firm, not a client and an attorney. *Id.* at 1245. In declining to find ancillary jurisdiction, this Court analyzed a case where an attorney had resigned as shareholder of a law firm and petitioned a court to resolve his fee dispute with his former firm, but that court declined jurisdiction because the dispute did not involve the clients directly, citing to *In re Hijacking of Pan Am. World Airways, Inc.,* 698 F. Supp. 479 at 482 (S.D.N.Y. 1988).

17.     Yarnell will not be deprived of a remedy if this Court should find the charging lien invalid and that jurisdiction is lacking. Once Yarnell and Gilbert have completed mutual accountings, they may address remaining disputes in the State Courts. Judicial economy is served by gathering up all of the purported disputes between Yarnell and Gilbert in one proceeding rather than piece meal in each of the cases in which Yarnell claims his agreement entitles him to be paid legal fees. *See*, *e.g., Koros v. Doctor's Special Surgery Center of Jacksonville, Ltd.,* 717 So.2d 137 at 138-39 (Fla. 1st DCA 1998).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 31, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically transmitted notices of electronic filings.

Respectfully Submitted:

/S/   Irwin R. Gilbert_____
Irwin R. Gilbert, Esq.
Florida Bar No. 99473
KELLEY KRONENBERG
1471 Centrepark Blvd., Suite 275
West Palm Beach, Florida 33401
Phone: 561.622-1252  Fax: 561.799-1904
Service email: irgeservice@kelleykronenberg.com
Primary email: igilbert@kelleykronenberg.com

**Service List**

| | |
|---|---|
| Ramon Rasco, Esq.<br>Fla. Bar No.: 0617334<br>rrasco@podhurst.com<br>**Podhurst Orseck, PA.**<br>City National Bank Building, 8th Floor<br>25 West Flagler Street<br>Miami, FL 33130<br>Telephone: (305) 358-2800<br>Facsimile: (305) 358-2382<br>***Counsel for Defendant Eliot C. Abbott***<br><br>Howard D. DuBosar, Esq.<br>Fla. Bar No.: 729108<br>dubosarh@dubolaw.com<br>**The DuBosar Law Group, P.A.**<br>Attorneys for Kluger Peretz Kaplan & Berlin, P.L.<br>1800 N. Military Trail, Suite 470<br>Boca Raton, FL 33431<br>Telephone: (561) 544-8980<br>Facsimile: (561) 544-8988<br>***Counsel for Defendant, Kluger, Peretz, Kaplan & Berlin, P.L.***<br><br>Edward R. Shohat, Esq.<br>JONES WALKER<br>201 South Biscayne Blvd., Suite 2600<br>Miami, Florida 33131<br>Telephone 305.679.5700<br>Facsimile 305.679.5710<br>eshohat@joneswalker.com<br>***Co-counsel for Defendant Steven I. Silverman*** | Deborah S. Corbishley, Esq.<br>Fla. Bar No.: 588229<br>dcorbishley@kennynachwalter.com<br>Richard H. Critchlow, Esq.<br>Fla. Bar No.: 155227<br>rcritchlow@kennynachwalter.com<br>**Kenny Nachwalter, P.A**.<br>201 South Biscayne Boulevard<br>Suite 1100<br>Miami, FL 33131<br>Telephone: (305) 373-1000<br>Facsimile: (305) 372-1861<br>***Counsel for Defendants Abbey L. Kaplan and Steve I. Silverman***<br><br>Marilyn G. Kohn, Esq.<br>Fla. Bar No.: 168009<br>mkohn@klugerkaplan.com<br>**Kluger, Kaplan, Silverman, Katzen & Levine, P.L.**<br>201 S. Biscayne Blvd., 17th Floor<br>Miami, Florida 33131<br>Phone: (305) 379-9000<br>Facsimile: (305) 379-3428<br>***Counsel for Defendants, Abbey L. Kaplan and Steve I. Silverman***<br><br>Bryan J. Yarnell, Esq.<br>11000 Prosperity Farms Road, Suite 200<br>Palm Beach Gardens, Florida 33410<br>Phone: (561) 622-1252<br>Facsimile: (561) 799-1904<br>bryanyarnell@gmail.com |