UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-CV-80416-KLR

CORDELL CONSULTANT, INC. MONEY
PURCHASE PLAN AND TRUST, a
Virginia Corporation,

    Plaintiff,

v.

ELIOT C. ABBOTT, et al.

    Defendants.

_____/

**DEFENDANTS' KAPLAN AND SILVERMAN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE APPENDIX [D.E. 716]**

Defendants Abbey L. Kaplan and Steve I. Silverman oppose Plaintiff's motion to strike the Appendix to their reply in support of their motion to limit improper speculative and conjectural testimony and argument. As the Appendix demonstrates, the arguments Plaintiff made in its response to the original motion were further indication of the necessity for the Court to exercise firm control over Plaintiff's presentation of "evidence" and arguments.

Defendants filed a motion to limit or preclude Plaintiff from making factual arguments that were unsupported by admissible evidence or were pure speculation. D.E. 598. In response, Plaintiff made an extraordinary choice which further indicated the need for the motion – Plaintiff made even more unsupported arguments and included a three and a half page chart of "factual" statements and inferences without citing a single piece of evidence to support those assertions.[1] D.E. 678. Based on the sheer number of unsupported statements, Plaintiff clearly expected that Defendants would not be able to address each of them in a reply memo. In response, Defendants filed an appendix relating specifically to the chart. Defendants recited each statement in the chart and demonstrated how it was not only unsupported, but wrong. D.E. 714.

Plaintiff has now moved to strike the appendix at D.E. 714 or for leave to supplement its own response. Apparently, Plaintiff believed that it could file a responsive memorandum,

---

[1] Most of the 19 pages of argument was not supported, but this particular chart was egregious. Plaintiff did supply substantial exhibits to the response and a separate appendix [D.E. 685], but did not cite to any of those documents to support its chain of inferences.

KENNY NACHWALTER, P.A.

without citing support for its factual misstatements and never be called to task for making unsupported statements. Now it wants to file additional materials that were available to it when it filed its response, but failed to include in its own appendix. It also asks for leave to file supplemental arguments, again assuming Defendants will not be entitled to respond to them.

The Appendix was necessitated because Plaintiff made several pages of factual argument without citing to a single piece of evidence. Page limits to Plaintiff's memorandum do not explain why it could not cite to Exhibit A, B or C to support its statements. In response to a motion that asked the Court to require Plaintiff to have support for its inferences and to refrain from unfounded speculation, this was a curious decision. Having been caught making more statements to the Court without citing or filing supporting documents, Plaintiff now asks the Court to strike the document that points those improprieties out or to allow Plaintiff to make supplemental filings to which yet again they expect Defendants to be precluded from responding.

Every one of the documents and arguments Plaintiff wants to make were available to it (and required to be made) when it filed its response in opposition.[2] Defendants' Appendix was a reply to Plaintiff's appendix and arguments. It only addressed what Plaintiff argued without support. Therefore, Defendants do object to the proposed text in Plaintiff's appendix at D.E. 716-1. That document is pure argument, all of which should have been made in the opposition to the motion and supported there.[3] Most of its arguments are again not adequately supported. Plaintiff continues to argue its own theories, without regard for the testimony and documents. A prime example is Plaintiff's stubborn insistence that Silverman must have received the conflict check or it must have been mentioned to him, because another person whose name was omitted from the conflict check worked on the matter. This is pure stubborn adherence to speculation.

---

[2] Defendants have no objection to the filing of the exhibits to the proposed appendix, except for D.E. 716-10 at 13 to end, but point out that every one of the documents was available to Plaintiff at the time it filed its response and original appendix and they should have been included then. Defendants also point out that these additional documents do not actually counter the points in Defendants' Appendix. Defendants object to the document at D.E. 716-10 p 13 et seq. are notes Dale Bergman wrote for Plaintiff after suit was filed and in connection with his $1000 settlement of this $7 million case. They are not sworn to and should not be considered. As is clear, Mr. Bergman speculated about what Kaplan and Silverman knew, because he did not know the facts at the time and was not present for discussions.

[3] As this was Defendants' motion, Plaintiff is not entitled to file anything to which Defendants do not have an opportunity to reply.

2

---

KENNY NACHWALTER, P.A.

There was a mistake in the list used to circulate the conflict check. Silverman is not listed as receiving it either in the list of names or in the metadata that shows who read it and who deleted it. Nonetheless, Plaintiff continues to insist that it may argue that Silverman received it or was told about it.

Defendants' Appendix at D.E. 714 recites factual statements Plaintiff made in its opposition memorandum and did not support. The Appendix points out where the statements are not only unsupported, but false. Its only purpose was to assist the Court in determining if the statements were reliable and to demonstrate that Plaintiff will continue its bad habits. Defendants ask that the Court use Defendants' Appendix at D.E. 714 only to determine which of Plaintiff's factual statements in D.E. 678 can be relied on and deny Plaintiff's motion.

Respectfully submitted,

Dated: September 10, 2015
Miami, FL

s/ Deborah S. Corbishley
Richard H. Critchlow, Esq. (FL Bar #155227)
Deborah S. Corbishley, Esq. (FL Bar #588229)
KENNY NACHWALTER, P.A.
201 South Biscayne Blvd., Suite 1100
Miami, Florida 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
rcritchlow@knpa.com
dcorbishley@knpa.com

*Counsel for Defendants, Abbey L. Kaplan and Steve I. Silverman*

*Co-counsel for Defendant Steven I. Silverman*

Edward R. Shohat, Esq.
JONES WALKER
201 South Biscayne Blvd., Suite 2600
Miami, Florida 33131
Telephone 305.679.5700
Facsimile 305.679.5710
eshohat@joneswalker.com

3

KENNY NACHWALTER, P.A.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 10, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

/s Deborah S. Corbishley
Deborah S. Corbishley

_____
KENNY NACHWALTER, P.A.

*Cordell Consultant, Inc. Money Purchase Plan and Trust, v. Eliot C. Abbott, et al*

**SERVICE LIST**

Irwin R. Gilbert, Esq. (FL Bar #099473)
Sayed M. Zonaid, Esq. (FL Bar #113442)
KELLEY KRONENBERG
1475 Centrepark Blvd., Suite 275
West Palm Beach, Florida 33401
Telephone: 561-684-5956
IGilbert@kelleykronenberg.com
Irgeservice@kelleykronenberg.com

Bryan J. Yarnell, Esq. (FL Bar #088900)
YARNELL LAW OFFICES
11000 Prosperity Farms Road,
Suite 205
Palm Beach Gardens, FL 33410
Telephone: (561) 622-1252
Facsimile: (561) 799-1904
bryanyarnell@gmail.com
*Counsel for Plaintiff*

Ramon Rasco, Esq. (FL Bar #0617334)
PODHURST ORSECK, P.A.
City National Bank Building – 8th Floor
25 West Flagler Street
Miami, Florida 33130
Telephone: (305) 358-2800
Facsimile: (305) 358-2382
rrasco@podhurst.com
*Counsel for Defendant, Eliot C. Abbott*

Howard D. DuBosar, Esq. (FL Bar #729108)
THE DUBOSAR LAW GROUP, P.A.
1800 N. Military Trail, Suite 470
Boca Raton, Florida 33436
Telephone: (561) 544-8980
Facsimile: (561) 544-8988
hdubosar@dubosarnavon.com
*Counsel for Defendant, Kluger, Peretz,
Kaplan & Berlin, P.L.*

Richard H. Critchlow, Esq. (FL Bar #155227)
Deborah S. Corbishley, Esq. (FL Bar #588229)
KENNY NACHWALTER, P.A.
201 South Biscayne Blvd., Suite 1100
Miami, Florida 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
rcritchlow@knpa.com
dcorbishley@knpa.com
*Counsel for Defendants, Abbey L. Kaplan and
Steve I. Silverman*

Marilyn G. Kohn, Esq.
KLUGER, KAPLAN, ABBEY KAPLAN,
KATZEN & LEVINE, P.L.
201 S. Biscayne Blvd., 17th Floor
Miami, Florida 33131
Phone: (305) 379-9000
Facsimile: (305) 379-3428
mkohn@klugerkaplan.com
*Counsel for Defendants, Abbey L.
Kaplan and Steve I. Silverman*

Edward R. Shohat, Esq.
JONES WALKER
201 South Biscayne Blvd., Suite 2600
Miami, Florida 33131
Telephone 305.679.5700
Facsimile 305.679.5710
eshohat@joneswalker.com
*Co-counsel for Defendant Steve I. Silverman*

_____
KENNY NACHWALTER, P.A.