UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80416-CIV-RYSKAMP/HOPKINS

CORDELL CONSULTANTS, INC.
MONEY PURCHASE PLAN,
a Virginia corporation,

    Plaintiff,

v.

ELIOT C. ABBOTT, an individual;
DALE S. BERGMAN, an individual;
ABBEY L. KAPLAN, an individual;
STEVEN I. SILVERMAN, an individual;
and KLUGER, PERETZ, KAPLAN
& BERLIN, P.L., a Florida Professional
Limited Liability Company

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO FILE EXPERT REPORT FOR REBUTTAL EXPERT

THIS CAUSE comes before the Court pursuant to Plaintiff's motion for enlargement of time to file an expert rebuttal report, filed August 20, 2015 **[DE 701]**. Defendants Kaplan and Silverman responded on August 24, 2015 **[DE 704]**. Plaintiff replied on August 24, 2015 **[DE 707]**.

The Court on August 4, 2015 **[DE 651]** allowed Kaplan and Silverman to substitute Terry Spurlock as a substitute witness for Hans Mueller. Kaplan and Silverman had retained Hans Mueller as a loan expert, but Hans Mueller unexpectedly withdrew as an expert due to a conflict of interest. As noted in the August 4, 2015 order, Kaplan and Silverman had every reason to believe the Mueller had conducted a conflicts check prior to signing on to this litigation.

2

Accordingly, the Court allowed Kaplan and Silverman leave to designate Terry Spurlock as an expert witness and allowed Plaintiff until August 14, 2015 to depose Terry Spurlock. Plaintiff deposed Terry Spurlock on August 10, 2015.

Plaintiff now wishes to designate Mark Kesselman as a rebuttal witness to Terry Spurlock. Kaplan and Silverman oppose the motion, noting that expert reports were due on May 27, 2015 and that the Court's scheduling orders and extensions have made no specific provisions for rebuttal experts.

The Court realizes that expert discovery, and indeed all discovery, has closed. The unexpected substitution of Terry Spurlock for Hans Mueller, however, did result in the conduction of expert discovery past the previously set deadlines. Although the Court's orders have not contemplated rebuttal witnesses, the Federal Rules do provide for rebuttal witnesses where Court orders are silent in that regard. Fed.R.Civ.P. 26(a)(2)(D) controls where a scheduling order is silent on the issue of rebuttal witnesses. *See Campbell v. Moon Palace, Inc.*, No. 11-60274-CIV, 2012 WL 399218, at *3 (S.D. Fla. Feb. 7, 2012) ("Though the Court's Scheduling Order did not provide a deadline for rebuttal expert disclosures, both Rule 26 and the Local Rules contemplate disclosures of rebuttal expert witnesses and specify the timing for such disclosures."). *See also Feliciano v. City of Miami Beach*, No. 10-23139-CIV, 2012 WL 12540, at *1 (S.D. Fla. Jan. 3, 2012) (allowing disclosure of rebuttal expert within the time allotted by Fed.R.Civ.P. 26(a)(2)(D)(ii) where the scheduling order is silent as to rebuttal experts). Rule 26(a)(2)(D) provides that rebuttal experts must be disclosed "within 30 days after the other party's disclosure," absent a stipulation or a court order directing otherwise. In assessing rebuttal experts, the operative "test under Rule 26(a)(2)(D)(ii) is not whether a rebuttal report contains

3

new information, but whether it is intended solely to contradict or rebut evidence on the same subject matter of an opponent's expert report." *Teledyne Instruments, Inc. v. Cairns*, No. 6:12-CV-854-ORL-28, 2013 WL 5781274, at *17 (M.D. Fla. Oct. 25, 2013) (quotation omitted).

Plaintiff may designate Mark Kesselman as an expert witness for the purpose of rebutting Terry Spurlock, and Mark Kesselman may submit an expert report. The expert report shall be submitted no later than September 23, 2015. Defendants may also depose Mark Kesselman, but said deposition should obviously occur as soon as possible and shall not occur later than September 29, 2015. The Court stresses that Mark Kesselman is a rebuttal witness to Terry Spurlock and that any testimony and opinion from Mark Kesselman shall be for the sole purpose of contradicting or rebutting Terry Spurlock and shall not be for the purpose of introducing new argument or theories. At the conclusion of any deposition of Kesselman, the Court will, if necessary, allow limited supplementation to the parties' summary judgment filings. Either party shall petition the Court for leave to file such supplementation and shall so petition no later than October 1, 2015. It is hereby

ORDERED AND ADJUDGED that Plaintiff's motion for enlargement of time to file an expert rebuttal report is GRANTED as explained herein.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 15th day of September, 2015.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE