UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  11-CV-80416-RYSKAMP

CORDELL CONSULTANTS, INC.
MONEY PURCHASE PLAN AND
TRUST, a Virginia corporation,
        Plaintiff,
v.

ELIOT C. ABBOTT, et al.,
        Defendants.
_____/

**REPLY TO DEFENDANT KAPLAN'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL SUMMARY JUDGMENT MATERIAL**

Plaintiff replies to Abbey Kaplan's ("Kaplan") response in opposition [D.E. 739] to its motion to supplement summary judgment filings [D.E. 737] and states:

1.    Kaplan contends that "[n]o party cited any expert opinions or testimony in the summary briefs." D.E. 739 at ¶ 3. This is plainly incorrect. Although Plaintiff continues to assert that Eliot Abbott's ("Abbott") "Joinder" [D.E. 610] and Reply Brief in Connection with Defendants Kaplan and Silverman's Motion for Summary Judgment [D.E. 671] is improper,[1] Abbott nevertheless raised the opinions of Defendants' experts in his summary judgment filings:

> Plaintiff cannot prove that there was fraud in connection with the loan, that Defendant Abbott knew of any alleged fraud, or that Defendant Abbott participated in any alleged fraud when Mr. Okun obtained the loan from Plaintiff. In fact, **Hans Mueller, in his expert witness report**, focused on Plaintiff's lack of due diligence as the cause of the dispute: "It is my understanding that the lender in this matter is a seasoned lender with many years of experience. I have no idea how an experienced banker, even under "hard equity" lending conditions, could have extended this loan with the

---

[1] Plaintiff's motion to strike [D.E. 671] both Abbott's "Joinder" to Kaplan and Silverman's motion for summary judgment [D.E. 610] and his reply brief in support of Kaplan and Silverman's motion for summary judgment is currently pending before the Court. Plaintiff contends Abbott cannot 'join' in the other defendants' motions <u>and</u> assert additional independent arguments.

>expectation of being repaid as agreed, if at all"; and "In all my years of banking I have never seen such a poor manner of lending, especially for a loan of this size." (Hans Mueller Expert Witness Report, DE # 562-1). **Terry Spurlock, in his expert witness report**, stated: "Cordell has to be aware that the borrower is definitely in financial stress for him to accept these terms"; "At no time is there evidence that any financial due diligence…has ever occurred"; "I'm unaware of any responsible lender that would rely solely on the verbal financial representation of ANYONE much less lawyers representing a borrower. In my experience, lawyers do not make such financial representations on behalf of their borrower clients"; and "Cordell had the opportunity to recognize many "RED FLAGS" as to the financial position of Okun, as well as the legalities and demands of his liability regarding the QI debt and appears to have ignored the warnings in favor of "YIELD"." (Terry Spurlock Expert Witness Report, DE # 609-1). **Lawrence Fox, in his expert witness report states**: "…all lawyers at Kluger, Peretz acted properly in connection with matter..."; and "And on this record, it is clear that the lawyers did not know what was occurring".

D.E. 671 at pp. 3-4.

2. Kaplan also contends that Plaintiff was offered the opportunity to depose Defendants' expert Terry Spurlock on dates shortly before its August 3rd deadline to respond to Defendants' summary judgment motions. D.E. 739 at ¶ 4. However at that time, defendants had no authority or leave of court to disclose Spurlock as an expert witness. It was untimely.

3. Kaplan contends that Plaintiff moved to strike Hans Mueller[2] and only disclosed its expert rebuttal after leave was granted to substitute Terry Spurlock. This argument, however, ignores the fact that Spurlock's opinions go beyond and delve deeper than that of Mueller's.[3] Whereas Mueller limited his analysis to the April 20, 2007, loan, Spurlock essentially engaged a global survey and critique of all of Cordell's loan transactions with Okun. In short, Spurlock's opinions demand a level of caution that Mueller's opinions do not warrant. *See* D.E. 609-1.

---

[2] Mueller was forced to withdraw because the bank that employed him made exactly the kinds of loans that Mueller opined could not be made by a responsible lender. *See* D.E. 580-1 and 589-2.
[3] Kaplan also ignores the fact it would have been impossible for Plaintiff to disclose a rebuttal witness related to Spurlock by April 14, 2015, as he was not disclosed until July 20, 2015! *See* D.E. 609-1.

4.     Although it is true that expert reports were due on April 14, 2015, Kaplan fails to note that Defendants untimely disclosed their expert Hans Mueller on June 22, 2015—a date which is considerably beyond the April 14, 2015 deadline—which is why Plaintiff moved to strike his report.  *See* D.E. 571.  Moreover, the subsequent substitution of Spurlock on July 20, 2015—in the midst of summary judgement filings no less—changed the dynamic of the case for Plaintiff.

5.     Defendants contend that Kesselman's testimony should not be considered because it may be struck under *Daubert*.  Defendants misstate the nature of Kesselman's relationship to Cordell's Robin Rodriguez.  The mere fact that the expert knows Rodriguez and has discussed possible business transactions over time, but not actually engaged in any transaction with him, does not disqualify Kesselman under *Daubert*.  Kesselman's lack of knowledge regarding 1031 qualified intermediary companies is not pertinent to the opinions he is engaged to testify to.  In this lawsuit, Plaintiff made a loan to Edward Okun—not any qualified intermediary company.  Moreover, Kesselman merely sits on the advisory board of Sovereign Bank, Inc. (St. Lucia)—a role that does not authorize Kesselman to conduct any business on behalf of Sovereign Bank.  In addition, Rodriguez has not even had lunch with Kesselman in twenty years to his recollection, but may have had breakfast with him on one occasion.  In sum, it is not likely that Kesselman would be found to lack sufficient independence.

6.     The key consideration for the Court is whether it would be assisted in receiving additional evidence pertinent to the Motions for Summary Judgment that were simply not available to the Plaintiff when its responses to Defendants' motion for summary judgment were required to be filed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 7, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  I also certify that the foregoing

document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically transmitted notices of electronic filings.

    /s/     Irwin R. Gilbert	
Irwin R. Gilbert (Fla. Bar #099473)
Sayed M. Zonaid (Fla. Bar #113442)
Kelley Kronenberg
Attorneys for Plaintiff
1475 Centrepark Blvd. Ste. 275
West Palm Beach, FL 33401
Tel. 561.684.5956
Fax. 561.684.5753
igilbert@kelleykronenberg.com
jmintz@kelleykronenberg.com

## Service List

| | |
|---|---|
| Steven C. Marks, Esq.<br>Fla. Bar No.: 516414<br>smarks@podhurst.com<br>Ramon Rasco, Esq.<br>Fla. Bar No.: 0617334<br>rrasco@podhurst.com<br>**Podhurst Orseck, PA.**<br>City National Bank Building, 8th Floor<br>25 West Flagler Street<br>Miami, FL  33130<br>Telephone:  (305) 358-2800<br>Facsimile:  (305) 358-2382<br>*Counsel for Defendant Eliott C. Abbot*<br><br>Howard D. DuBosar, Esq.<br>Fla. Bar No.:  729108<br>dubosarh@dubolaw.com<br>**The DuBosar Law Group, P.A.**<br>Attorneys for Kluger Peretz Kaplan & Berlin, P.L.<br>1800 N. Military Trail, Suite 470<br>Boca Raton, FL  33431<br>Telephone:  (561) 544-8980<br>Facsimile:  (561) 544-8988<br>*Counsel for Defendant, Kluger, Peretz, Kaplan & Berlin, P.L.* | Deborah S. Corbishley, Esq.<br>Fla. Bar No.:  588229<br>dcorbishley@kennynachwalter.com<br>Richard H. Critchlow, Esq.<br>Fla. Bar No.:  155227<br>rcritchlow@kennynachwalter.com<br>**Kenny Nachwalter, P.A**.<br>201 South Biscayne Boulevard<br>Suite 1100<br>Miami, FL  33131<br>Telephone:  (305) 373-1000<br>Facsimile:  (305) 372-1861<br>*Counsel for Defendants Abbey L. Kaplan and Steve I. Silverman*<br><br>Marilyn G. Kohn, Esq.<br>Fla. Bar No.:  168009<br>mkohn@klugerkaplan.com<br>**Kluger, Kaplan, Silverman,**<br>**Katzen & Levine, P.L.**<br>201 S. Biscayne Blvd., 17th Floor<br>Miami, Florida 33131<br>Phone: (305) 379-9000<br>Facsimile: (305) 379-3428<br>*Counsel for Defendants, Abbey L. Kaplan and Steve I. Silverman*<br><br>Edward R. Shohat, Esq.<br>Fla. Bar No.:  152634<br>eshohat@joneswalker.com<br>**Jones Walker**<br>201 S. Biscayne Blvd<br>Twenty Sixth Floor<br>Miami, Florida 33131<br>Telephone: (305) 679-5700<br>Facsimile: (305) 679-5710<br>*Co-counsel for Defendant Steve I. Silverman* |