UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-CV-80416-RYSKAMP

CORDELL CONSULTANTS, INC.,
MONEY PURCHASE PLAN,
a Virginia corporation,
       Plaintiff,
v.

ELIOT C. ABBOTT, an individual;
DALE S. BERGMAN, an individual;
ABBEY L. KAPLAN, an individual;
STEVEN I. SILVERMAN, an individual;
and KLUGER, PERETZ, KAPLAN
& BERLIN, P.L., a Florida Professional
Limited Liability Company,
       Defendants.
_____/

## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE REFERENCES TO LAWSUITS AGAINST OTHER LAW FIRMS

Plaintiff, by undersigned counsel and pursuant to Federal Rules of Civil Procedure 26 and 37, hereby files this Motion in Limine to exclude references at trial to potential lawsuits by Plaintiff against other law firms, and in support thereof states:

1.    On April 20, 2007, Cordell made the $7 million loan to Mr. Okun that gave rise to the instant litigation. With respect to this loan, Ruden McCLosky served as Plaintiff's Florida counsel and the Zobrist Law Group served as Plaintiff's Virginia counsel. Plaintiff did not sue its own lawyers as a consequence of the damages it suffered when it was defrauded by Edward Okun ("Okun") into making the April, 2007 loan.

2.    As a condition of closing the aforesaid loan, Plaintiff insisted upon written opinion letters from Okun's lawyers asserting that the loan was in fact lawful, among other things. Two different law firms prepared opinion letters for Okun. Defendant Kluger, Kaplan, Peretz & Berlin, P.L. ("KPKB") provided one letter and Virginia-based Gregory Kaplan

1

provided the other. According to the loan terms, the loan was to be viewed as a Virginia transaction governed by Virginia law. At the time of the loan, KPJB were Okun's principal attorneys. The Virginia law firm of Gregory Kaplan played a nominal role in closing the loan.

3.  At the May 31, 2015, Rule 30(b)(6) deposition of Cordell's representative, Robin Rodriguez ("Rodriguez"), Defendants questioned Plaintiff as to suing the other law firm involved in the April 20, 2007, loan transaction:

> BY MS. CORBISHLEY:
> Q. Okay. Taking a look at Exhibit 44, do you recall getting this opinion letter from the Gregory Kaplan firm? It's dated April 20th on the second page.
>
> A. Yes.
>
> Q. I'm not sure why it isn't on the first page, but there it is.
>
> A. Yes.
>
> Q. You do remember getting this opinion?
>
> A. Yes.
>
> Q. Did you review it before you disbursed the funds to Mr. Okun?
>
> A. I'm -- Either I reviewed it or my lawyers reviewed it. I can't recall.
>
> Q. Are you aware that Chris Hoctor left IPofA knowing that Ed Okun was taking money from the 1031s, and went to work for Gregory Kaplan?
>
> A. No.
>
> MR. GILBERT: Form.
>
> BY MS. CORBISHLEY:
> Q. Are you aware that he told the Gregory Kaplan lawyers of his concerns about Mr. Okun?
>
> A. No.

2

Q. Are you aware that they screened him from participation in Ed Okun's matters?

A. No.

Q. And that they nonetheless gave this opinion letter?

A. I was not aware of that.

Q. Nobody told you that?

A. No.

Q. Okay. Have you read Mr. Hoctor's deposition?

A. I don't believe so.

Q. You haven't sued Gregory Kaplan, have you?

A. No. Are you suggesting we do that?

Q. No. It's too late. You didn't sue the Zobrist firm, correct?

A. Correct.

Q. You didn't sue --

MR. SHOHAT: You could do that and dismiss this lawsuit.

BY MS. CORBISHLEY:
Q. You didn't sue Ruden McClosky?

A. No.

Q. Did you ask any of them to pay any part of what you perceive as your loss –

A. No.

Q. -- on the $7 million loan?

A. No.

3

*See* DE 598-1 (May 31, 2015, Rodriguez Dep.) at p. 862: ln. 6-25; p. 863: ln. 1-25; pg. 864: ln. 1-5. Based upon this inquiry, Plaintiff believes Defendants will attempt to proffer evidence at trial regarding the liability of the other law firms involved in the April 20, 2007, loan.

4. The liability of the other law firms involved in the April 20, 2007, loan is not relevant or material. The instant case centers on whether Defendants aided and abetted the Okun fraud scheme. Further, Defendants have not raised no defense as to unnamed defendants who share in the liability to Plaintiff. There is no evidence that the Gregory Kaplan firm had any knowledge of the Okun fraud scheme---including any knowledge that Okun was using a materially false and misleading financial statement to obtain the April 20, 2007 loan from Plaintiff or that Okun was in the failing stages of a criminal Ponzi scheme. Sadly, the evidence is quite clear that the respective defendants actually knew the Okun financial statement was materially false, that Okun was operating a criminal Ponzi scheme and that the scheme was collapsing around them at the time of the April 20, 2007 loan.

5. There is no evidence that a claim against any other law firm would have been viable. There is no good faith basis for implying that Plaintiff could or should have sued other lawyers.

## MEMORANDUM OF LAW

6. Generally, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Even if the threshold of relevancy is met, "evidence

may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Further, in determining the relevancy of evidence, district courts have wide discretion. *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1161 (11th Cir. 2005) (citing *United States v. Kopituk*, 690 F.2d 1289, 1319 (11th Cir. 1982)).

7. As the issue does not implicate any of the Defendants' defenses, the liability of other law firms is both immaterial and irrelevant to the instant case. Under Section 768.81(3)(a)(1), Fla. Stat. (2014),

> In order to allocate any or all fault to a nonparty, a defendant must affirmatively plead the fault of a nonparty and, absent a showing of good cause, identify the nonparty, if known, or describe the nonparty as specifically as practicable, either by motion or in the initial responsive pleading when defenses are first presented, subject to amendment any time before trial in accordance with the Florida Rules of Civil Procedure.

*See Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993) (recognizing an affirmative defense that allows named defendants to apportion liability to non-parties); *Estate of Miller ex rel. Miller v. Thrifty Rent–A–Car System, Inc.*, 609 F.Supp.2d 1235, 1243 (M.D. Fla.2009) (recognizing that under Florida law, in order to apportion fault to a nonparty, a defendant must affirmatively plead the fault of a nonparty and, absent good cause, identity the nonparty). As Defendants have not plead any affirmative defense premised on apportioning liability to a nonparty, they cannot, without substantial prejudice to Plaintiff, proffer such evidence at trial.

8. Furthermore, Fla. Stat. Sect. 768.81(4) recognizes that this apportionment of fault only applies to negligence actions and has no effect on intentional tort claims:

> This section does not apply to any action brought by any person to recover actual economic damages resulting from pollution, to any action based upon an intentional tort, or to any cause of action as to which application of the doctrine of joint and several liability is

> specifically provided by chapter 403, chapter 498, chapter 517, chapter 542, or chapter 895.

As aiding and abetting fraud and civil conspiracy are intentional torts, the statute is inapplicable. This is especially true of civil conspiracy, which is "not a separate or independent tort but is a vehicle for imputing the tortuous actions of one co-conspirator to another to establish joint and several liability." *Hoch v. Rissman, Weisberg, Barrett*, 742 So. 2d 451, 460 (Fla. 4th DCA 1999). The very nature of conspiracy prevents Defendants from seeking to apportion fault to non-parties.

9. Notwithstanding the above, Gregory Kaplan—Okun's Virginia counsel—had no knowledge of Okun's fraud, as it was not armed with the incriminating information possessed by Defendant KPKB. Whereas KPKB reviewed the Kutak Rock, Timothy Heaphy/McGuire Woods, and Jeffrey Berman memoranda, there is no evidence whatsoever linking these memoranda to Gregory Kaplan. As actual knowledge is a requisite element of fraud, Gregory Kaplan simply could not have been held liable for aiding and abetting Okun's fraud scheme.

10. Further, Gregory Kaplan had no warning from the Perkins memoranda—another set of memoranda reviewed by KPKB—that Okun's financial statement was materially false. In the same vein, as Gregory Kaplan did not meet with Okun, it could not have ascertained that the borrower's affidavit for the April 20, 2007, loan was false. As set forth in the Second Amended Complaint [D.E. 97], the Okun financial statement and borrower's affidavit are critical to the fraud perpetrated on Plaintiff by Defendants.

**WHEREFORE**, Plaintiff seeks an Order excluding references to claims or potential lawsuits against other law firms that participated in the April 20, 2007, Cordell loan to Okun.

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

I HEREBY CERTIFY that counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in the motion.  Counsel for Defendant Eliot Abbott reports that he opposes this Motion.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 19, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically transmitted notices of electronic filings.

        KELLY KRONENBERG, P.A.
        Counsel for Plaintiff
        1475 Centrepark Boulevard Suite 275
        West Palm Beach, Florida 33401
        (561) 684-5956 - Telephone
        (561) 684-5753 – Facsimile
        igilbert@kelleykronenberg.com

        By: */s/ Irwin Gilbert*
           IRWIN R. GILBERT, ESQ.
           Florida Bar No.:  099473
           SAYED M. ZONAID, ESQ.
           Florida Bar No.:  113442
           JIMMY W. MINTZ, ESQ.
           Florida Bar No.: 113363

## Service List

| | |
|---|---|
| Ramon Rasco, Esq.<br>Fla. Bar No.: 0617334<br>rrasco@podhurst.com<br>**Podhurst Orseck, PA.**<br>City National Bank Building, 8th Floor<br>25 West Flagler Street<br>Miami, FL 33130<br>Telephone: (305) 358-2800<br>Facsimile: (305) 358-2382<br>*Counsel for Defendant Eliott C. Abbot*<br><br>Howard D. DuBosar, Esq.<br>Fla. Bar No.: 729108<br>dubosarh@dubolaw.com<br>**The DuBosar Law Group, P.A.**<br>Attorneys for Kluger Peretz Kaplan & Berlin, P.L.<br>1800 N. Military Trail, Suite 470<br>Boca Raton, FL 33431<br>Telephone: (561) 544-8980<br>Facsimile: (561) 544-8988<br>*Counsel for Defendant, Kluger, Peretz,*<br>*Kaplan & Berlin, P.L.*<br><br>Edward R. Shohat, Esq.<br>**JONES WALKER**<br>201 South Biscayne Blvd., Suite 2600<br>Miami, Florida 33131<br>Telephone 305.679.5700<br>Facsimile 305.679.5710<br>eshohat@joneswalker.com<br>*Counsel for Defendant Steven I. Silverman* | Deborah S. Corbishley, Esq.<br>Fla. Bar No.: 588229<br>dcorbishley@kennynachwalter.com<br>Richard H. Critchlow, Esq.<br>Fla. Bar No.: 155227<br>rcritchlow@kennynachwalter.com<br>**Kenny Nachwalter, P.A.**<br>201 South Biscayne Boulevard<br>Suite 1100<br>Miami, FL 33131<br>Telephone: (305) 373-1000<br>Facsimile: (305) 372-1861<br>*Counsel for Defendant Abbey L. Kaplan*<br><br>Marilyn G. Kohn, Esq.<br>Fla. Bar No.: 168009<br>mkohn@klugerkaplan.com<br>**Kluger, Kaplan, Silverman,**<br>**Katzen & Levine, P.L.**<br>201 S. Biscayne Blvd., 17th Floor<br>Miami, Florida 33131<br>Phone: (305) 379-9000<br>Facsimile: (305) 379-3428<br>*Counsel for Defendants, Abbey L.*<br>*Kaplan and Steve I. Silverman* |