UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  11-CV-80416-RYSKAMP

CORDELL CONSULTANTS, INC.,
MONEY PURCHASE PLAN,
a Virginia corporation,
        Plaintiff,
v.

ELIOT C. ABBOTT, an individual;
DALE S. BERGMAN, an individual;
ABBEY L. KAPLAN, an individual;
STEVEN I. SILVERMAN, an individual;
and KLUGER, PERETZ, KAPLAN
& BERLIN, P.L., a Florida Professional
Limited Liability Company,
        Defendants.
_____/

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE REFERENCES TO
ONEROUS AND "USURIOUS" LOAN PROVISIONS**

Plaintiff, by undersigned counsel and pursuant to Federal Rules of Civil Procedure 26 and 37, hereby files this Motion in Limine to exclude references to purportedly onerous and/or usurious loan provisions found in Plaintiff's April 20, 2007, loan to Edward H. Okun ("Okun"), and in support thereof states:

1.    On April 20, 2007, Plaintiff Cordell made the $7 million loan to Okun that gave rise to the instant litigation.  Pursuant to the loan agreement, the $7 million loan bore interest at the rate of eighteen percent (18%) per annum and **the law of the State of Virginia[1] governed the "interpretation and enforcement" of the agreement**.  A copy of the April 20, 2007, loan agreement is attached as Exhibit A; Ex. A at ¶¶ 1.01 and 7.10.  The agreement further stipulated that the Loan would be secured by a mortgage on Okun's Miami Beach home and that Cordell

---

[1] Plaintiff is a Virginia corporation.

1

would receive collateral assignment of Mr. Okun's membership interests in IPofA Salina Central Mall Member, LLC, a Delaware entity. Ex. A at ¶¶ 1.03 and 1.04.

2. The loan provisions are consistent with Virginia law. See Va. Code Ann. §§ 6.1-330.75 and 6.1-330.76. Under Virginia law, generally, loans in excess of $5,000 or more made to individuals or entities for business or investment purposes, and loans in any amount to any corporation, partnership, limited liability company, or real estate investment trust, or a joint venture organized for the purpose of holding, developing and managing real estate for profit, are exempt from usury laws and any laws relating to compound interest. Va. Code Ann. §§ 6.1-330.75 and 6.1-330.76.

3. At the May 31, 2015, Rule 30(b)(6) deposition of Cordell's representative, Robin Rodriguez ("Rodriguez"), Defendants raised issue with the interest provisions of the $7 million loan:

> **[BY MS. DEBORAH CORBISHLEY:]**
> **Q.** And you and your lawyers decided that it was really important to have the April 20th, 2007, loan have a lot of contacts with Virginia, because Virginia didn't have the same usury law Florida did correct?
>
> **A.** We are a Virginia company, and we were closing most of our loans there at that point.
>
> **Q.** And Virginia's usury laws were really good for Cordell, weren't they?
>
> **MR. GILBERT:** Form.
>
> **THE WITNESS:** The usury laws are – are better than they are in most states, yes.
>
> **BY MS. CORBISHLEY:**
> Q. And, indeed, your lawyers thought it was important to have Virginia law apply to the $7 million loan as much as possible, correct?

      **MR. GILBERT:** Form.

      **THE WITNESS:** I don't recall any discussion like that.

*See* DE 598-1 (May 31, 2015, Rodriguez Dep.) at pg. 851: ln. 22-25 and pg. 852: ln. 1-15. Based upon the above inquiry by Defendants, Plaintiff believes Defendants will attempt to proffer evidence at trial regarding the provisions of the April 20, 2007, characterizing the loan terms as 'onerous' and/or usurious.

    4.     Defendants rely heavily on a supposed "$1,000,000.00 bonus" that Cordell received as part of the loan agreement. This is a significant misrepresentation. Per the loan agreement, Cordell and Okun mutually formed an LLC—with Cordell agreeing to invest $10.00 and Okun agreeing to invest $90.00. This LLC was purportedly formed to acquire a $100 million warehouse. Both parties abandoned the entire plan, leaving the LLC a shell with no assets. Had the parties proceeded with the LLC, Cordell would have gained an option to require Okun to purchase its 10% interest in the LLC after three years. *See* Ex. 4 to this Motion (pp. 1, 5, 12, & 14). There is no evidence that Cordell actually paid the $10.00 for a 10% interest in the LLC.[2] Defendants' misleading recital of this provision is unduly prejudicial and outweighs any probative value.

    5.     The provisions of the April 20, 2015, loan agreement are not in dispute—the instant case centers around whether Defendants aided and abetted the Okun fraud scheme which included assisting Okun in obtaining loans with the knowing use of a false financial statement. Further, Defendants have not raised usury as an affirmative defense.

---

[2] Rodriguez did not pay the $10.00 and never received a membership in the LLC. Okun never acquired the warehouse.

6.	If the loan terms were lawful, there is no relevance or materiality of those terms to the case to be tried.

## MEMORANDUM OF LAW

7.	Generally, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402.  Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  Even if the threshold of relevancy is met, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403.  Further, in determining the relevancy of evidence, district courts have wide discretion. *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1161 (11th Cir. 2005) (citing *United States v. Kopituk*, 690 F.2d 1289, 1319 (11th Cir. 1982)).

8.	The purportedly onerous provisions of the April 20, 2007, loan agreement are neither material nor relevant to the instant case—these provisions have no bearing on whether the Defendants aided and abetted the Okun fraud scheme.  Moreover, in responding to Plaintiff's allegations, Defendants neither raised usurious loan provisions as a defense nor did they contest the validity of the April 20, 2007, loan agreement—which explicitly provides that Virginia law governs the agreement.  Indeed, under Virginia law, the April 20, 2007, is not deemed usurious. *See* Va. Code Ann. §§ 6.1-330.75 and 6.1-330.76.  As evidence pertaining to the provisions of the April 20, 2007, loan do not have a "tendency to make the existence ***of any fact that is of***

*consequence* to the determination of the action more probable or less probable," these provisions must be deemed irrelevant and thus excluded from the trial.  *See* Fed. R. Evid. 401.

9.      Notwithstanding the above, the sole reason for proffering such evidence at trial would be for its prejudicial effect.  Attempting to delve into the unsavory elements of the loan agreement would detract from the central issues in the case and potentially fixate the jury on an irrelevant matter.

**WHEREFORE**, Plaintiff seeks an Order excluding references to the purportedly 'onerous' provisions of the April 20, 2007, loan agreement from trial.

### CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in the motion.  Counsel for Defendants Silverman and Abbott report that they oppose this motion. _____.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 19, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically transmitted notices of electronic filings.

        KELLY KRONENBERG, P.A.
        Counsel for Plaintiff
        1475 Centrepark Boulevard Suite 275
        West Palm Beach, Florida 33401
        (561) 684-5956 – Tel. (561) 684-5753 – Fax
        igilbert@kelleykronenberg.com

        By: */s/ Irwin Gilbert*
            IRWIN R. GILBERT, ESQ.
            Florida Bar No.:  099473
            SAYED M. ZONAID, ESQ.
            Florida Bar No.:  113442
            JIMMY W. MINTZ, ESQ.
            Florida Bar No.: 113363

## Service List

| | |
|---|---|
| Ramon Rasco, Esq.<br>Fla. Bar No.: 0617334<br>rrasco@podhurst.com<br>**Podhurst Orseck, PA.**<br>City National Bank Building, 8th Floor<br>25 West Flagler Street<br>Miami, FL 33130<br>Telephone: (305) 358-2800<br>Facsimile: (305) 358-2382<br>*Counsel for Defendant Eliott C. Abbot*<br><br>Howard D. DuBosar, Esq.<br>Fla. Bar No.: 729108<br>dubosarh@dubolaw.com<br>**The DuBosar Law Group, P.A.**<br>Attorneys for Kluger Peretz Kaplan & Berlin, P.L.<br>1800 N. Military Trail, Suite 470<br>Boca Raton, FL 33431<br>Telephone: (561) 544-8980<br>Facsimile: (561) 544-8988<br>*Counsel for Defendant, Kluger, Peretz,*<br>*Kaplan & Berlin, P.L.*<br><br>Edward R. Shohat, Esq.<br>**JONES WALKER**<br>201 South Biscayne Blvd., Suite 2600<br>Miami, Florida 33131<br>Telephone 305.679.5700<br>Facsimile 305.679.5710<br>eshohat@joneswalker.com<br>*Counsel for Defendant Steven I. Silverman* | Deborah S. Corbishley, Esq.<br>Fla. Bar No.: 588229<br>dcorbishley@kennynachwalter.com<br>Richard H. Critchlow, Esq.<br>Fla. Bar No.: 155227<br>rcritchlow@kennynachwalter.com<br>**Kenny Nachwalter, P.A**.<br>201 South Biscayne Boulevard<br>Suite 1100<br>Miami, FL 33131<br>Telephone: (305) 373-1000<br>Facsimile: (305) 372-1861<br>*Counsel for Defendant Abbey L. Kaplan*<br><br>Marilyn G. Kohn, Esq.<br>Fla. Bar No.: 168009<br>mkohn@klugerkaplan.com<br>**Kluger, Kaplan, Silverman,**<br>**Katzen & Levine, P.L.**<br>201 S. Biscayne Blvd., 17th Floor<br>Miami, Florida 33131<br>Phone: (305) 379-9000<br>Facsimile: (305) 379-3428<br>*Counsel for Defendants, Abbey L.*<br>*Kaplan and Steve I. Silverman* |