UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80416-CIV-RYSKAMP/HOPKINS

CORDELL CONSULTANTS, INC.
MONEY PURCHASE PLAN,
a Virginia corporation,

    Plaintiff,

v.

ELIOT C. ABBOTT, an individual;
DALE S. BERGMAN, an individual;
ABBEY L. KAPLAN, an individual;
STEVEN I. SILVERMAN, an individual;
and KLUGER, PERETZ, KAPLAN
& BERLIN, P.L., a Florida Professional
Limited Liability Company

    Defendants.
_____/

## ORDER DENYING MOTION FOR LEAVE TO FILE SUPPLEMENTAL SUMMARY JUDGMENT MATERIAL BASED ON EXPERT TESTIMONY

    THIS CAUSE comes before the Court pursuant to Plaintiff's motion for leave to file supplemental summary judgment material based on expert testimony, filed October 6, 2015 **[DE 737]**. Defendant Kaplan responded to the motion on October 7, 2015 **[DE 739]**. Defendants Silverman and Abbott adopted Kaplan's response. Plaintiff replied on October 7, 2015 **[DE 742]**. Kaplan filed on October 8, 2015 **[DE 743]** an "acknowledgment of error" in relation to its response. This motion is ripe for adjudication.

    On August 4, 2015 **[DE 651]**, the Court allowed Kaplan and Silverman to substitute Terry Spurlock ("Spurlock") as a substitute witness for Hans Mueller. Kaplan and Silverman had retained Hans Mueller as a loan expert, but Hans Mueller unexpectedly withdrew as an

expert due to a conflict of interest. As noted in the August 4, 2015 order, Kaplan and Silverman had every reason to believe that Mueller had conducted a conflicts check prior to signing on to this litigation. Accordingly, the Court allowed Kaplan and Silverman leave to designate Spurlock as an expert witness and allowed Plaintiff until August 14, 2015 to depose Spurlock. Plaintiff deposed Spurlock on August 10, 2015.

On September 15, 2015 **[DE 727]**, the Court granted Plaintiff leave to designate Mark Kesselman ("Kesselman") as a rebuttal witness to Spurlock. The order provided that any testimony and opinion from Kesselman shall be for the sole purpose of contradicting or rebutting Spurlock and shall not be for the purpose of introducing new argument or theories. The Court stated that at the conclusion of any deposition of Kesselman, the Court would, if necessary, allow limited supplementation to the parties' summary judgment filings. Kesselman was deposed on October 4, 2015.

Plaintiff now wishes to supplement its summary judgment filings based on testimony from both Spurlock and Kesselman. Spurlock was not cited in either of the parties' summary judgment filings, however. The Court recognizes that Spurlock was not deposed until August 10, 2015, after the bulk of the parties' summary judgment filings, but Plaintiff's reply in relation to its motion for summary judgment was not filed until August 13, 2015. Plaintiff therefore chose not to avail itself of the opportunity to cite Spurlock in its summary judgment filings.

The only citation to Spurlock's testimony was in Abbott's reply to Kaplan and Silverman's motion for summary judgment. Abbott himself did not move for summary judgment and merely joined Kaplan and Silverman's motion. Accordingly, the Court granted Plaintiff's August 20, 2015 **[DE 702]** unopposed motion to strike both Abbott's joinder in the summary

judgment motion and his reply thereto **[DE 745]**.  Plaintiff's motion to strike Abbott's joinder and reply stated that Plaintiff would be unable to respond to Abbott's reply absent leave of Court.  Plaintiff moved on August 17, 2015 **[DE 688]** for leave to file a supplemental response to clarify its opposition to Abbott's joinder in the summary judgment motion, but this request made no request for leave to respond for the purpose of including testimony from Spurlock.  The Court denied this motion as moot **[DE 748]**, as it had previously granted Plaintiff's unopposed motion to strike Abbott's joinder and reply.  Plaintiff therefore chose to move to strike Abbott's reply rather than to seek leave to rebut the expert testimony contained therein.

Whereas Plaintiff missed both an opportunity to introduce testimony from Spurlock and an opportunity to introduce rebuttal testimony from Kesselman, Plaintiff may not now "change its mind" and receive leave to introduce testimony from both of these witnesses.  It is hereby

ORDERED AND ADJUDGED that Plaintiff's motion for leave to file supplemental summary judgment material based on expert testimony, filed October 6, 2015 **[DE 737]**, is DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 20th day of October, 2015.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE