UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-CV-80416-KLR

CORDELL CONSULTANT, INC. MONEY
PURCHASE PLAN AND TRUST, a
Virginia Corporation,

    Plaintiff,

v.

ELIOT C. ABBOTT, et al.

    Defendants.

_____/

**DEFENDANTS KAPLAN'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LATE SUPPLEMENTATION OF PRIOR FILINGS [D.E. 756]**

Defendants Abbey Kaplan[1] opposes Plaintiff's October 26, 2015 motion at D.E. 756 to supplement its opposition to Defendants' Motion for Summary Judgment (D.E. 592) and Motion to Limit Speculation (D.E. 598). This Court ordered responses to the original motions to be filed on August 3, 2015 and August 14, 2015 respectively. *See* D.E. 619 and 625 (Endorsed Orders, granting in part and denying in part motion for extension of time and denying motion to reconsider). Plaintiff has unsuccessfully moved to supplement the summary judgment filings once already, which the Court denied by Order at D.E. 751.

In August, Plaintiff filed, struck, and refiled its responses and appendices to the original motions, extending its deadlines unilaterally and creating great confusion.[2] Plaintiff's response to the motion to limit speculation was filed at D.E. 673 and replaced by D.E. 678. D.E. 678 was

---

[1] Based on discussions with other counsel, Defendant Kaplan's counsel advises the Court that no other Defendant will file a separate response and that Defendant Silverman adopts this response. The Court's docketing system does not allow the filing of a joint response.

[2] Plaintiff's response in opposition to the motion for summary judgment is at D.E. 649, with appendices at 648 and 635-646. Plaintiff stuck one of its own responses to the summary judgment motion which appeared at D.E. 647 by motion at D.E. 656. Defendants responded to the opposition to summary judgment at D.E. 669 and 666 with an appendix at D.E. 670 and filed an omitted exhibit at D.E. 708. Plaintiff moved to strike D.E. 670 and 708 at D.E. 712.

then stricken by D.E. 684 and then returned to the record without its exhibits by D.E. 687 on August 17th, three days after its filings were due. D.E. 678-1 was eliminated by D.E. 687. Plaintiff's appendix to its response is at D.E. 685, which replaced the previously filed appendix at D.E. 677, an omitted exhibit at D.E. 679, and a third appendix at 681. See D.E. 690, 684.[3]

More than two months after its responses were filed, Plaintiff proposes additional exhibits and new speculation about those exhibits without explaining that there is no cause, much less "good cause" for late supplementation. The documents from Defendants' files were produced to Plaintiff in 2014, and were obviously available to Plaintiff at the time it filed its responses. The motion provides no information on when Plaintiff obtained the other documents in its proposed supplement, but there is no reason to believe that they were obtained after discovery closed on June 19th, much less after the August filings.

The proposed supplementation in opposition to the motion to limit speculation consists of more speculation. Plaintiff speculates that an April 25, 2007 proposed retention agreement for Kaufman and Rossin on their form retention letter, as to which it has asked no questions in discovery, allows it to further speculate that Defendants knew about 2007 transfers and also to speculate that they knew what impact those had on Plaintiff's financial status. Defendants note that Plaintiff speculates that Defendants had conversations with Kaufman and Rossin, which is not supported by fact or the emails that came from Richard Simring. In fact, Plaintiff cites an email no Defendant was copied on to make the leap to the reason Kaufman Rossin was to be retained and the scope of their work.

Plaintiff has provided no justification for this proposed additional late filing, and it should not be allowed to add new documents and arguments at this late date. Defendants have already replied to the original filings and briefing closed more than two months ago. In the event that the Court determines that the documents may be filed and therefore considered in connection with the motions, Defendants ask for ten days to file a memo in response to the memo that accompanied the exhibits and to provide exhibits and affidavits in response. No discovery was undertaken on these documents and therefore a response will require investigation. Responding would require a delay in preparation for

---

[3] Despite all this confusion, Defendants filed their reply once and on time at D.E. 713, with an appendix at D.E. 714. Plaintiff moved to strike Defendants' appendix at D.E. 716.

1) November 3, 2015 hearing on the motion for summary judgment,

2) November 4, 2015 pretrial stipulation deadline,[4]

3) November 4, 2015 jury instruction deadline, and

4) November 16, 2015 trial setting.

It is not appropriate to disrupt this schedule to investigate and respond to the newly argued, but not newly discovered, documents. Given Plaintiff's failure to confer concerning the pretrial stipulation, despite the passage of the October 20th deadline to do so, it should not be permitted to take side trips on long closed briefing.

                                          Respectfully submitted

Dated: October 30, 2015           s/ Deborah S. Corbishley
                                          Richard H. Critchlow, Esq. (FL Bar #155227)
                                          Deborah S. Corbishley, Esq. (FL Bar #588229)
                                          KENNY NACHWALTER, P.A.
                                          201 South Biscayne Boulevard
                                          1100 Miami Center
                                          Miami, Florida 33131-4327
                                          Telephone: (305) 373-1000
                                          Facsimile: (305) 372-1861
                                          rcritchlow@knpa.com
                                          dcorbishley@knpa.com

                                          ***Counsel for Defendant Abbey L. Kaplan***

---

[4] The undersigned asked Plaintiff's counsel to confer about the stipulation on October 7th. That email was ignored. She asked again on October 14th, and was again ignored. She faxed the inquiry about a conference on October 16th, and was again ignored. *See* Exhibit A attached. Finally on October 21st, a day after the deadline by which counsel were to meet and examine exhibits, Plaintiff's counsel wrote: We wanted to let you know that your emails regarding the pretrial stipulation have not gone unnoticed. We are presently in the process of paring down our exhibit list. By the close of business day tomorrow, we hope to have a preliminary draft of the list over to you and the others." As of October 30th at 11.30 AM, Plaintiff has failed and refused to engage in any conversation about the contents of the stipulation itself. The undersigned has repeatedly attempted to elicit a substantive response and has sent a draft of the section on issues of law.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 30, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

/s Deborah S. Corbishley
Deborah S. Corbishley

*Cordell Consultant, Inc. Money Purchase Plan and Trust, v. Eliot C. Abbott, et al*

### SERVICE LIST

Irwin R. Gilbert, Esq. (FL Bar #099473)
Sayed M. Zonaid, Esq. (FL Bar #113442)
KELLEY KRONENBERG
1475 Centrepark Blvd., Suite 275
West Palm Beach, Florida 33401
Telephone: 561-684-5956
IGilbert@kelleykronenberg.com
Irgeservice@kelleykronenberg.com


Bryan J. Yarnell, Esq. (FL Bar #088900)
YARNELL LAW OFFICES
11000 Prosperity Farms Road,
Suite 205
Palm Beach Gardens, FL 33410
Telephone: (561) 622-1252
Facsimile: (561) 799-1904
bryanyarnell@gmail.com
*Counsel for Plaintiff*


Ramon Rasco, Esq. (FL Bar #0617334)
PODHURST ORSECK, P.A.
City National Bank Building – 8th Floor
25 West Flagler Street
Miami, Florida 33130
Telephone: (305) 358-2800
Facsimile: (305) 358-2382
rrasco@podhurst.com
*Counsel for Defendant, Eliot C. Abbott*


Howard D. DuBosar, Esq. (FL Bar #729108)
THE DUBOSAR LAW GROUP, P.A.
1800 N. Military Trail, Suite 470
Boca Raton, Florida 33436
Telephone: (561) 544-8980
Facsimile: (561) 544-8988
hdubosar@dubosarnavon.com
*Counsel for Defendant, Kluger, Peretz, Kaplan & Berlin, P.L.*

Richard H. Critchlow, Esq. (FL Bar #155227)
Deborah S. Corbishley, Esq. (FL Bar #588229)
KENNY NACHWALTER, P.A.
201 South Biscayne Blvd., Suite 1100
Miami, Florida 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
rcritchlow@knpa.com
dcorbishley@knpa.com
*Counsel for Defendant Abbey L. Kaplan*


Edward R. Shohat, Esq.
JONES WALKER
201 South Biscayne Blvd., Suite 2600
Miami, Florida 33131
Telephone 305.679.5700
Facsimile 305.679.5710
eshohat@joneswalker.com
*Counsel for Defendant Steve I. Silverman*


Marilyn G. Kohn, Esq.
KLUGER, KAPLAN, ABBEY KAPLAN,
KATZEN & LEVINE, P.L.
201 S. Biscayne Blvd., 17th Floor
Miami, Florida 33131
Phone: (305) 379-9000
Facsimile: (305) 379-3428
mkohn@klugerkaplan.com
*Counsel for Defendants Abbey L. Kaplan
 and Steve I. Abbey Kaplan*