UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-CV-80416-KLR

CORDELL CONSULTANT, INC. MONEY
PURCHASE PLAN AND TRUST, a
Virginia Corporation,

    Plaintiff,

v.

ELIOT C. ABBOTT, et al.

    Defendants.

_____/

**DEFENDANT KAPLAN'S PARTIAL OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE TO EXCLUDE REFERENCE TO OTHER LAWSUITS [D.E. 746]**

    Defendant Abbey Kaplan[1] opposes *in part* Plaintiff's Motion In Limine at D.E. 746 to exclude reference to lawsuits against other law firms. There is no intention to discuss other lawsuits or the liability of other law firms at trial. Plaintiff did not bring any suits against the two sets of law firms whose job it was to represent Plaintiff's interests and advise Plaintiff, just as it was Defendants' job to represent Ed Okun and give him advice. Defendants will not ask if Cordell sued those other counsel, since we know that it did not. Defendants will not proffer evidence of the liability of other law firms, as Defendants do not believe any one is liable to Cordell for Cordell's decision to make this loan. Cordell was not defrauded or misled.

    However, Defendants certainly do intend to make a point of the responsibility Cordell had to ask its counsel for advice and its own counsel's responsibility to advise on the relevant issues. If Cordell was not unhappy with their work, it is because Cordell knows it was Cordell's screw up, not any lawyer's. It is worth noting that Cordell's counsel also gave opinions in connection with the transaction and had partial knowledge of the facts. That is not the lawyers'

---

[1] Based on discussions with other counsel, Defendant Kaplan's counsel advises the Court that no other Defendant will file a separate response and that Defendant Silverman adopts this response. The Court's docketing system does not allow the filing of a joint response.

fault. Both clients – Okun and Cordell -- kept secrets from their lawyers, because both clients knew facts that would have caused their lawyers to walk away.

Defendants contend that Cordell had full knowledge and may not have provided its counsel with the truths that Cordell knew. For that reason, of course Cordell did not sue its lawyers. That would have allowed its lawyers to testify fully about Cordell's knowledge and conversations, which would likely not be favorable to Cordell.

Defense counsel also intend to raise the awareness Okun's other counsel, the Gregory Kaplan firm, had of the Perkins memos, the QI practices, the prior issuance of improper financial statements to Cordell, and the impropriety of the use of QI money to buy property – such as the warehouse that Cordell knew about. Defendants' continuing to represent Okun in light of what they believed to be past misconduct compares favorably to the Gregory Kaplan firm representing Okun in the same transaction, when Chris Hoctor, one of that firm's lawyers had told Okun more than once that the use of QI funds for Okun's other acquisitions through IPofA was improper and he knew his advice had been repeatedly disregarded. Indeed, Hoctor's prior firm (Hoctor Kaplan) had withdrawn from representing Okun in 2005 when it learned Okun would not follow their advice. Nonetheless, Hoctor joined Okun's IPofA in house law department in mid-2006. Okun then affirmatively hid from Hoctor and others the misuse of QI money for IPofA closing! In November 2006, Hoctor again resigned, this time from his position as in house counsel at IPofA, after learning Okun was violating his advice again and this time hiding his misconduct. He never told the KPKB lawyers that he had advised Okun on the issue in 2005 and that Okun had ignored that advice and violated it then and again in 2006. Nonetheless, even after finding Okun lied twice about following his advice, Hoctor joined up with Rob Kaplan again (now at the Gregory Kaplan firm), advised them of his concerns about Okun's practices, and the Gregory Kaplan firm nonetheless represented Okun and issued an opinion on the Cordell loan transaction.

Defendants also expect to ask if Cordell received any compensation from anyone in connection with this unpaid loan, including its own lawyers or others who gave opinions in connection with this unpaid loan. Cordell can say that it never asked under oath. If Cordell did receive any compensation, that would be an offset to any liability.

All of these issues are probative of whether Defendants acted improperly, suspiciously, or in conspiracy and whether they were the cause of Cordell's loss. So, while Defendants will not

reference non-existent lawsuits or liabilities, they do intend to explore the relationship and awareness of other law firms and the extent of Cordell's actual reliance on KPKB's opinions and role, Cordell's own counsel's opinion and role, and Gregory Kaplan's opinions and role.

          Respectfully submitted

Dated: October 30, 2015

s/ Deborah S. Corbishley
Richard H. Critchlow, Esq. (FL Bar #155227)
Deborah S. Corbishley, Esq. (FL Bar #588229)
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
1100 Miami Center
Miami, Florida 33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
rcritchlow@knpa.com
dcorbishley@knpa.com

*Counsel for Defendant Abbey L. Kaplan*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 30, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

/s Deborah S. Corbishley
Deborah S. Corbishley

*Cordell Consultant, Inc. Money Purchase Plan and Trust, v. Eliot C. Abbott, et al*

## SERVICE LIST

Irwin R. Gilbert, Esq. (FL Bar #099473)
Sayed M. Zonaid, Esq. (FL Bar #113442)
KELLEY KRONENBERG
1475 Centrepark Blvd., Suite 275
West Palm Beach, Florida 33401
Telephone: 561-684-5956
IGilbert@kelleykronenberg.com
Irgeservice@kelleykronenberg.com

Bryan J. Yarnell, Esq. (FL Bar #088900)
YARNELL LAW OFFICES
11000 Prosperity Farms Road,
Suite 205
Palm Beach Gardens, FL 33410
Telephone: (561) 622-1252
Facsimile: (561) 799-1904
bryanyarnell@gmail.com
*Counsel for Plaintiff*

Ramon Rasco, Esq. (FL Bar #0617334)
PODHURST ORSECK, P.A.
City National Bank Building – 8th Floor
25 West Flagler Street
Miami, Florida 33130
Telephone: (305) 358-2800
Facsimile: (305) 358-2382
rrasco@podhurst.com
*Counsel for Defendant, Eliot C. Abbott*

Howard D. DuBosar, Esq. (FL Bar #729108)
THE DUBOSAR LAW GROUP, P.A.
1800 N. Military Trail, Suite 470
Boca Raton, Florida 33436
Telephone: (561) 544-8980
Facsimile: (561) 544-8988
hdubosar@dubosarnavon.com
*Counsel for Defendant, Kluger, Peretz, Kaplan & Berlin, P.L.*

Richard H. Critchlow, Esq. (FL Bar #155227)
Deborah S. Corbishley, Esq. (FL Bar #588229)
KENNY NACHWALTER, P.A.
201 South Biscayne Blvd., Suite 1100
Miami, Florida 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
rcritchlow@knpa.com
dcorbishley@knpa.com
*Counsel for Defendant Abbey L. Kaplan*

Edward R. Shohat, Esq.
JONES WALKER
201 South Biscayne Blvd., Suite 2600
Miami, Florida 33131
Telephone 305.679.5700
Facsimile 305.679.5710
eshohat@joneswalker.com
*Counsel for Defendant Steve I. Silverman*

Marilyn G. Kohn, Esq.
KLUGER, KAPLAN, ABBEY KAPLAN,
KATZEN & LEVINE, P.L.
201 S. Biscayne Blvd., 17th Floor
Miami, Florida 33131
Phone: (305) 379-9000
Facsimile: (305) 379-3428
mkohn@klugerkaplan.com
*Counsel for Defendants Abbey L. Kaplan
 and Steve I. Abbey Kaplan*