UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80416-CIV-RYSKAMP/HOPKINS

CORDELL CONSULTANTS, INC.
MONEY PURCHASE PLAN,
a Virginia corporation,

    Plaintiff,

v.

ELIOT C. ABBOTT, an individual;
DALE S. BERGMAN, an individual;
ABBEY L. KAPLAN, an individual;
STEVEN I. SILVERMAN, an individual;
and KLUGER, PERETZ, KAPLAN
& BERLIN, P.L., a Florida Professional
Limited Liability Company

    Defendants.
_____/

## ORDER STRIKING KAPLAN AND SILVERMAN'S "MOTION TO LIMIT IMPROPER SPECULATIVE AND CONJECTURAL TESTIMONY AND ARGUMENT AND FOR OTHER NECESSARY SAFEGUARDS"

THIS CAUSE comes before the Court pursuant to Kaplan and Silverman's "motion to limit improper speculative and conjectural testimony and argument and for other necessary safeguards," filed July 17, 2015 **[DE 598]**. Plaintiff responded on August 14, 2015 **[DE 678]**. Kaplan and Silverman responded on August 25, 2015 **[DE 713]**. This motion is ripe for adjudication.

Kaplan and Silverman move for an order *in limine* forbidding both Plaintiff's counsel and Robin Rodriguez, Plaintiff's 39(b)(6) witness, from "testifying or arguing based on speculation, conjecture or fantasy." (Motion, p. 1.) Kaplan and Silverman complain that "written and oral arguments in this case are frequently contrary to the depositions or documents that are referred to

in support" and that Plaintiff's "counsel is in the habit of lumping all Defendants together, when he knows clearly that neither Mr. Silverman nor Mr. Kaplan was present for an event or copied on the relevant documents." *Id.* Kaplan and Silverman "ask that the Court warn both counsel and the witness that they must have a factual basis for every statement they make and they must distinguish the Defendants when speaking of them." *Id.*

Kaplan and Silverman cite to Rodriguez's testimony regarding Rodriguez's allegations that Silverman asked for a "secure wipe" of certain data, that Silverman had the ability to monitor the activity of certain promissory notes and that Silverman was aware of the Dashiell email. Kaplan and Silverman also cite to an instance of Plaintiff's counsel referring to Defendants as a group but note that Kaplan and Silverman contend they were not present at the relevant time.

Kaplan and Silverman maintain that the aforesaid are merely examples of alleged conduct that occurs "ad naseum in other documents and testimony" and that there are "innumerable instances of Cordell making arguments in response to summary judgment, to this motion, and to the other motions, which cannot be addressed due to space and time limits." (Motion, p. 11; Reply, p. 9.) Kaplan and Silverman want the Court to "define for Cordell what the expectations are, enter an order warning them of contempt if they transgress, and specifically prohibit arguments that it finds based on this record or the summary judgment record were not permissibly based on fact." (Reply, p. 9.)

The Court is fully aware of the rules of evidence and of the legal standards governing burdens of proof at both the summary judgment and the trial stages. The Court is manifestly competent to enforce said parameters and will not, on a motion in limine, delve into a record that

3

Kaplan and Silverman claim contains "innumerable" instances of speculation. (Reply, p. 9.) Kaplan and Silverman admit in their motion that "[o]rdinarily, issues will be addressed as they arise in the course of trial." (Motion, p. 8.) Should trial occur in this matter, the Court will address in due course evidentiary objections of the nature described in this motion, as well as any other evidentiary objections not dispensed with via a motion in limine. Asking the Court to issue an order stating that it will enforce the law is a misuse of a motion in limine. It is hereby

ORDERED AND ADJUDGED that the "motion to limit improper speculative and conjectural testimony and argument and for other necessary safeguards," filed July 17, 2015 **[DE 598]**, is STRICKEN from the record in this matter. It is further

ORDERED AND ADJUDGED that Plaintiff's motion to strike appendix to Kaplan and Silverman's reply in support of their July 17, 2015 motion in limine, filed August 27, 2015 **[DE 716]**, is DENIED as MOOT.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 30th day of October, 2015.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE