UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-80416-CV-Ryskamp/Hopkins

CORDELL CONSULTANT, INC.
MONEY PURCHASE PLAN & TRUST,

        Plaintiff,

v.

ELIOT C. ABBOTT, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION ON
## PLAINTIFF'S MOTION TO STRIKE CHARGING LIEN (DE 721)

**THIS CAUSE** is before this Court upon the District Court's Referral Order (DE 750). Presently before the Court is Plaintiff's Motion to Strike a request for a charging lien brought by Attorney Bryan Yarnell. (DE 696, 721). Mr. Yarnell's response was filed on September 17, 2015 (DE 729), and Plaintiff subsequently filed reply papers (DE 731, 752). For the reasons that follow, this Court **RECOMMENDS** that Plaintiff's Motion to Strike Mr. Yarnell's charging lien (DE 721) be **GRANTED**.

## BACKGROUND

Although the underlying facts of this lawsuit are not particularly relevant to the pending dispute, suffice it to say that this action arises from a $7 million loan Plaintiff made to a person who was subsequently convicted for operating a Ponzi scheme. With the instant lawsuit, Plaintiff alleges that Defendants, a now-defunct law firm and four of its former partners,

fraudulently induced Plaintiff to make the loan by misrepresenting the financial soundness of the operation.

According to Plaintiff's principal, Robin Rodriguez, he retained Attorney Irwin Gilbert to represent his various companies eight years ago. *See* Rodriguez Declaration (DE 718-1). Since then, Mr. Gilbert has "been affiliated with or practiced under various law firms," but Mr. Rodriguez "did not view the other attorneys associated with him to be employed by our companies." *Id.* at ¶ 2. It appears that at least since the filing of this action in April 2011, Mr. Gilbert was affiliated with Attorney Bryan Yarnell. (DE 1). Recently, Mr. Gilbert and Mr. Yarnell dissolved their working relationship. Thereafter, Mr. Yarnell filed a notice of a charging lien, claiming that he has not been "paid in full for his services," and therefore, is entitled to "any and all payments made to the Plaintiff as a result of a settlement or judgment or otherwise." (DE 696).

Plaintiff (through Mr. Rodriguez) and Mr. Gilbert contend that a charging lien is not appropriate in these circumstances because "[t]he instant dispute is not between a client and his lawyer" rather, it is "between two lawyers." (DE 721 at p. 4).

## DISCUSSION

The federal courts are courts of limited jurisdiction, and there are only narrow exceptions to this rule. *Am. Fed'n of State, Cnty., & Mun. Employees (AFSCME) Council 79 v. Scott*, 949 F. Supp. 2d 1239, 1242 (S.D. Fla. 2013). One exception is the doctrine of ancillary jurisdiction which "may extend to claims having a factual and logical dependence on 'the primary lawsuit.'" *Peacock v. Thomas*, 516 U.S. 349, 355 (1996)(citations omitted). The doctrine of ancillary

jurisdiction recognizes the practical need "to protect legal rights or effectively to resolve an entire, logically entwined lawsuit." *Id.*

The supplemental jurisdiction statute, 28 U.S.C. § 1367, incorporates these concepts of ancillary jurisdiction and provides that district courts shall have supplemental jurisdiction over all claims that are "so related" to claims in the original jurisdiction action that they "form part of the same case or controversy." *AFSCME*, 949 F. Supp. 2d at 1243. Among the factors for a court to consider when deciding whether to exercise supplemental jurisdiction is whether the court can resolve the ancillary matter "without a substantial new fact-finding proceeding." *Id.*

Notably, ancillary jurisdiction is "often utilized to adjudicate the resolution of disputes between a party to a federal lawsuit and that party's attorneys over the proper amount of fees due to the attorneys for work performed in the lawsuit." *Id.* However, it is not used to impose a charging lien when there is no evidence of an agreement between an attorney and a party to the lawsuit. Indeed, "imposition of a charging lien requires an express or implied understanding between parties that a contract exists." *Id.* (citing *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom*, 428 So. 2d 1383, 1385 (Fla. 1983)("In order for a charging lien to be imposed, there must first be a contract between the attorney and the client.")). Here, Mr. Yarnell does not allege any such contract between himself and Mr. Rodriguez, who affirmatively states that his only agreement for legal services was with Mr. Gilbert.

In light of the foregoing, this Court finds that the internal financial dispute between Mr. Gilbert and Mr. Yarnell, resulting from the dissolution of their working relationship, is "wholly tangential" to the fraudulent inducement claims Plaintiff has brought against the Defendants. *AFSCME,* 949 F. Supp. 2d at 1245 (citing *Taylor v. Kelsey*, 666 F.2d 53, 54 (4th Cir. 1981)(affirming district court's refusal to exercise ancillary jurisdiction over former co-counsel's

fee dispute which "bore no relationship" to the underlying litigation). Here, counsel's fee dispute is not integral to the federal lawsuit and will undoubtedly require significant discovery into unrelated matters to resolve. Because the dispute at issue here is a contractual one between Mr. Gilbert and Mr. Yarnell, rather than a fee dispute with the Plaintiff, the Court should decline to exercise ancillary jurisdiction. *See AFSCME*, 949 F. Supp. 2d at 1244 (court declined to exercise supplemental jurisdiction over compensation dispute between plaintiff's counsel and his former firm, where it was uncontested that no agreement between law firm and plaintiff existed).

## RECOMMENDATION

In conclusion, this Court **RECOMMENDS** that the District Court decline to exercise supplemental jurisdiction over the attorneys' fee dispute and **GRANT** Plaintiff's Motion to Strike Mr. Yarnell's charging lien. (DE 721).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Kenneth L. Ryskamp, United States Senior District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) (providing that "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); s*ee also* Fed. R. Civ. P. 72(b) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy").

Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 30th day of October, 2015.

_____
JAMES M. HOPKINS
United States Magistrate Judge