UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-CV-80416-KLR

CORDELL CONSULTANT, INC.
MONEY PURCHASE PLAN AND
TRUST, a
Virginia Corporation,

       Plaintiff,

vs.

ELIOT C. ABBOTT, et al.

       Defendants.

_____/

## DEFENDANT ABBOTT'S REPLY

Defendant, Eliot C. Abbott ("Abbott"), files this Reply in support of his Motion for Leave to file an Amended Notice of Joinder (DE # 758), and in support states as follows.

Abbott is not playing "fast and loose with the Court's own rules," as Plaintiff suggests in its Response in Opposition (DE # 764) to Abbott's Motion.  The only rule that certain, specific arguments in Abbott's Reply violated was Local Rule 7.1.  Abbott did not run afoul of any rules related to joinder.   Abbott has repeatedly joined in the Motions and briefing of his co-defendants throughout this contentious litigation, as have his co-defendants.  Joinder serves the principles of judicial efficiency and economy, minimizing use of the Court's time and resources.  Equally important for Abbott, it significantly reduces his individual costs.

As more fully explained in Abbott's Motion for Leave – and in no way refuted by Plaintiff's Response – the reason Plaintiff filed a Motion to Strike was not that Abbott had filed a simple Notice of Joinder to Defendants Kaplan and Silverman's summary judgment motion, joining only "to the extent applicable to Abbott," DE # 610; the reason Plaintiff filed a Motion to Strike was because there were new, substantive arguments raised by Abbott's Reply brief.  It was that Reply that violated the Local Rules, serving as the proper basis of Plaintiff's objection and motion to strike.  Therefore, Plaintiff's assertion that it "expended valuable time and effort in moving to strike" is misplaced because Plaintiff would have moved to strike the Reply irrespective of its stance on the joinder.  Stated differently, Plaintiff would not have filed a

1

motion to strike but for Abbott's Reply.  Nor is Abbott seeking leave to file a more narrowly-tailored Reply, excluding any and all new arguments.  Abbott agrees that the Reply should be stricken and is only seeking to amend its previous, properly-submitted notice of joinder for the very narrow purpose of this Court only considering the summary judgment arguments that apply equally to all three defendants.

Plaintiff argues in its Response that it would be prejudiced because "Plaintiff devoted two distinct sections to the individual roles of Kaplan and Silverman" but not one for Abbott.  DE # 764 at 2.  First, Defendants' Response discusses Abbott's individual role throughout, including a section in which Abbott is included in the title.  *See e.g.* DE # 649 at 9-10 (the section makes it clear that it is discussing the actions of all three defendants to quiet whistleblowers).  Second, Plaintiff was fully aware that Abbott had joined in the summary judgment motions at the time it filed its Response, and the Response clearly and repeatedly discusses Abbott.  Third, most importantly and notwithstanding the foregoing, it simply does not matter whether Plaintiff had an individual section devoted to Abbott in its Response because Abbott's amended joinder would only join in the motion for purposes of the section that argues that Cordell was not defrauded.  DE # 593 (MSJ Motion) at 8-13.  That section does not in any way discuss Abbott's individual role.  Plaintiff's assertion of prejudice, therefore, is misplaced.

In accordance with Defendants Kaplan and Silverman's limited Response, DE # 765, Abbott also agrees that there is no need to postpone or delay summary judgment or the trial of this matter based upon the narrow relief Abbott is seeking.

Dated this 2nd day of November, 2015.

Respectfully submitted,

**PODHURST ORSECK, P.A.**
*Counsel for Defendant, Eliot C. Abbott*
25 W. Flagler Street, Suite 800
Miami, Florida 33130
Telephone: (305) 358-2800
Facsimile: (305) 358-2382

/s/Ramon A. Rasco
Ramon A. Rasco
FL Bar No. 0617334
rrasco@podhurst.com

2

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on November 2, 2015, I electronically served the foregoing document on all counsel of record identified on the attached Service List.

<u>s/ Ramon A. Rasco</u>
Ramon A. Rasco

*Cordell Consultant, Inc. Money Purchase Plan and Trust, v. Eliot C. Abbott, et al*

## SERVICE LIST

Irwin R. Gilbert, Esq. (FL Bar No. 099473)
Bryan J. Yarnell, Esq. (FL Bar No. 088900)
GILBERT YARNELL LAW OFFICES
11000 Prosperity Farms Road, Suite205
Palm Beach Gardens, FL 33410
Telephone: (561) 622-1252
Facsimile: (561) 799-1904
igilbert@gilbertyarnell.com
byarnell@gilbertyarnell.com
*Counsel for Plaintiff*

Howard D. DuBosar, Esq. (FL Bar No. 729108)
THE DUBOSAR LAW GROUP, P.A.
1800 N. Military Trail, Suite 470
Boca Raton, Florida 33436
Telephone: (561) 544-8980
Facsimile: (561) 544-8988
dbosarh@dubolaw.com
*Counsel for Defendant, Kluger, Peretz, Kaplan & Berlin, P.L.*

Steven C. Marks, Esq. (FL Bar No. 516414)
Ramon Rasco, Esq. (FL Bar No. 0617334)
PODHURST ORSECK, P.A.
City National Bank Building – 8th Floor
25 West Flagler Street
Miami, Florida 33130
Telephone: (305) 358-2800
Facsimile: (305) 358-2382
smarks@podhurst.com
rrasco@podhurst.com
*Counsel for Defendant, Eliot C. Abbott*

Jason S. Weiss, Esq. (FL Bar No. 356890)
SMITH AND VERBIT, P.L.
9900 Stirling Road, Suite 303
Hollywood, Florida 33024
Telephone: (954) 965-8350
Facsimile: (954) 241-6947
Jason.weiss@smithverbit.com
*Counsel for Defendant, Dale S. Bergman*

Richard H. Critchlow, Esq. (FL Bar No. 155227)
Deborah S. Corbishley, Esq. (FL Bar No. 588229)
KENNY NACHWALTER, P.A.
201 South Biscayne Blvd., Suite 1100
Miami, FL 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
rcritchlow@knpa.com
dcorbishley@knpa.com
*Counsel for Defendants, Abbey L. Kaplan and Steve I. Silverman*

Casey H. Cusick, Esq. (FL Bar No. 755931)
KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.
201 S. Biscayne Blvd., 17th Floor Miami, Florida 33131
Telephone: (305) 379-9000
Facsimile: (305) 379-3428
ccusick@klugerkaplan.com
*Counsel for Defendants, Abbey L. Kaplan and Steve I. Silverman*