UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  11-CV-80416-RYSKAMP

CORDELL CONSULTANTS, INC.,
MONEY PURCHASE PLAN,
a Virginia corporation,
        Plaintiff,
v.

ELIOT C. ABBOTT, et al.,
        Defendants.
_____/

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER [D.E. 778] OF DEFENDANT SILVERMAN'S MOTION FOR CLARIFICATION [D.E. 777]**

Plaintiff respectfully requests that the Court reconsider its Order granting Defendant Silverman's Motion, and states:

1.    It is regrettable that Plaintiff could not respond quickly enough to Mr. Shohat's Motion To Clarify.  The Court granted D.E. 777 before Plaintiff's lead counsel had even had the chance to read it.  We now recite what we would have said, but now in a motion for reconsideration.

2.    In the course of argument of Defendants' Motion for Summary Judgment, the attorneys for the defendants, Corbishley and Shohat, made a series of representations to the court built around two dramatic themes: (i) they claimed Plaintiff could not cite to record evidence to support statements made by the plaintiff's counsel; and (ii) "there was not one scintilla of evidence" to support various statements or claims made by the Plaintiff.  This occurred mainly in the rebuttal arguments afforded the Defendants.  The Plaintiff did not have the opportunity to fully respond.

3.    After hearing these assertions by the defendants' lawyers, the Court asked Plaintiff's counsel if he had any record citations for the matters he asserted.  Plaintiff's counsel provided several D.E. entry numbers and then asked for leave of court for five days to supply the remaining citations so as to rebut the defendants' contention that there was no evidence.

4. The Court agreed to the request. Counsel seeks only to refute the statements during argument that "there is not one scintilla of evidence" and that the plaintiff "could not cite to record evidence.

5. Having had a chance to think about it, the Defendants became concerned that the Plaintiff would in fact supply the Court with serial record references to completely refute the Defendants' repeated claims at oral argument that plaintiff could not support its contentions with any evidence. Thus the Defendants' Motion for Clarification.

6. The Defendants' current motion unreasonably limits the plaintiff to respond to just a few accusations of having no evidence---far fewer than recited on the record by Mr. Shohat and Ms. Corbishley. We have ordered the transcript on an expedited basis.

7. In his motion, Mr. Shohat also took the liberty of making further argument to the Court which simply is an abuse of the process. Mr. Shohat actually represented to the Court that Plaintiff's misrepresented the evidence by claiming that Christopher Hoctor, the former in-house counsel for Mr. Okun's company and co-author of what is referred to as the "Perkins Memo", never spoke directly with Mr. Silverman. Mr. Shohat cited to Mr. Silverman's deposition testimony where he stated that he believed he had spoken to Silverman.

8. Attached hereto as Exhibit "1" is a series of emails from Mr. Hoctor, Mr. Silverman, and Mr. Simring, previously filed as D.E. 693-3. Pages 1-2 of Exhibit "1" contain an email string from Nov. 30, 2006. Pages 3-19 contain an email string from the previous day.

9. At his deposition, Mr. Hoctor was asked about the Nov. 29, 2006 email string where he mentioned "concerns" about Okun acquiring a new QI. Exhibit "2" is D.E. 622-2, excerpts of Hoctor's deposition. Hoctor testified that his "concern" was that Okun would "use the company's float to deal with the lack of funds of his other qualified intermediaries, essentially, use it as a Ponzi scheme." *See* Exhibit 2 (Hoctor Depo. at p. 94). Hoctor was asked if he shared this concern with anyone, and said that "based on this email" he shared it with Mr. Simring. Ex. 2 (Depo. at p. 94). Simring sent the same email thread to Silverman, who offered to advise Simring on showing Hoctor "who is boss." Ex. 1 at p. 3.

10. Later in his deposition, Hoctor was asked if he had spoken to Silverman. Despite eight years having passed, Hoctor remembered Silverman being on a conference call with Simring and Abbott, and testified that the topic of this call was the "problems with the qualified intermediaries." Exhibit "2," Hoctor Depo. at p. 140. He was "certain" that Simring was on the

call and believed that Silverman or Abbott were as well.  His memory was accurate, and this is <u>confirmed</u> by the email string from Nov. 30, 2006.  Ex. 1 at p. 1.  Hoctor's conference call on the "concerns" or "problems" with the QIs included Silverman, Abbott and Simring.  *See* Exhibit 1 at p. 1.  None of the three defendants was excluded from this oral discussion of "privileged" information.  It was an oral discussion because Simring told Hoctor that "whatever you do, please let's not write any more emails.  Pick up the phone and talk."  Ex. 1 at pp. 4-5.

11. Respectfully, the Court will consider what it will and will ignore what it chooses.  At this date, the Court has resolved countless motions for summary judgment.  The aura of fairness must have attended the disposition of each and every one of those motions.  The granting of summary judgment would be somewhat extraordinary in a fraud case where evidence of knowledge and intent is commonly inferred.  To insure fairness here, defendants' unreasonable claims at oral argument of a lack of a scintilla of evidence, repeated over and over, should be refuted.  Not with argument.  But with simple citations to the record.

12. Plaintiff respectfully requests that the Court reconsider the Order granting Defendants' Motion for Clarification and permit Plaintiffs' Counsel to do what he represented on the record at oral argument he would do:  cite to the record to identify specific evidence to support those contentions that the defendants' lawyers claimed we could do because there was no such evidence.  The irony is that the defendants essentially dared the plaintiff to do it…and now wants to make sure that we do not.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on November 4, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically transmitted notices of electronic filings.

                                      /s/   Irwin R. Gilbert
                                      Irwin R. Gilbert (Fla. Bar #099473)
                                      Jimmy W. Mintz (Fla. Bar #113363)
                                      Kelley Kronenberg
                                      Attorneys for Plaintiff
                                      1475 Centrepark Blvd. Ste. 275
                                      West Palm Beach, FL 33401
                                      Tel. 561.684.5956
                                      Fax. 561.684.5753
                                      igilbert@kelleykronenberg.com
                                      jmintz@kelleykronenberg.com

**Service List**

| | |
|---|---|
| Steven C. Marks, Esq.<br>Fla. Bar No.: 516414<br>smarks@podhurst.com<br>Ramon Rasco, Esq.<br>Fla. Bar No.: 0617334<br>rrasco@podhurst.com<br>**Podhurst Orseck, PA.**<br>City National Bank Building, 8th Floor<br>25 West Flagler Street<br>Miami, FL  33130<br>Telephone:  (305) 358-2800<br>Facsimile:  (305) 358-2382<br>***Counsel for Defendant Eliott C. Abbot***<br><br>Howard D. DuBosar, Esq.<br>Fla. Bar No.:  729108<br>dubosarh@dubolaw.com<br>**The DuBosar Law Group, P.A.**<br>Attorneys for Kluger Peretz Kaplan & Berlin, P.L.<br>1800 N. Military Trail, Suite 470<br>Boca Raton, FL  33431<br>Telephone:  (561) 544-8980<br>Facsimile:  (561) 544-8988<br>***Counsel for Defendant, Kluger, Peretz, Kaplan & Berlin, P.L.*** | Deborah S. Corbishley, Esq.<br>Fla. Bar No.:  588229<br>dcorbishley@kennynachwalter.com<br>Richard H. Critchlow, Esq.<br>Fla. Bar No.:  155227<br>rcritchlow@kennynachwalter.com<br>**Kenny Nachwalter, P.A**.<br>201 South Biscayne Boulevard<br>Suite 1100<br>Miami, FL  33131<br>Telephone:  (305) 373-1000<br>Facsimile:  (305) 372-1861<br>***Counsel for Defendants Abbey L. Kaplan and Steve I. Silverman***<br><br>Marilyn G. Kohn, Esq.<br>Fla. Bar No.:  168009<br>mkohn@klugerkaplan.com<br>**Kluger, Kaplan, Silverman,<br>Katzen & Levine, P.L.**<br>201 S. Biscayne Blvd., 17th Floor<br>Miami, Florida 33131<br>Phone: (305) 379-9000<br>Facsimile: (305) 379-3428<br>***Counsel for Defendants, Abbey L. Kaplan and Steve I. Silverman***<br><br>Edward R. Shohat, Esq.<br>Fla. Bar No.:  152634<br>eshohat@joneswalker.com<br>**Jones Walker**<br>201 S. Biscayne Blvd<br>Twenty Sixth Floor<br>Miami, Florida 33131<br>Telephone: (305) 679-5700<br>Facsimile: (305) 679-5710<br>***Co-counsel for Defendant Steve I. Silverman*** |