UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-CV-80416-KLR

CORDELL CONSULTANT, INC. MONEY
PURCHASE PLAN AND TRUST, a
Virginia Corporation,

    Plaintiff,

v.

ELIOT C. ABBOTT, et al.

    Defendants.

_____/

**DEFENDANT KAPLAN AND SILVERMAN'S**
**MEMORANDUM IN SUPPORT OF BILL OF COSTS**

On November 9, 2015 at D.E. 788, the Court entered final judgment in favor of all Defendants, including Defendants Abbey Kaplan and Steve Silverman. These Defendants paid costs jointly through their counsel at Kenny Nachwalter and Jones Walker. Defendants now submit their bill of costs, seeking reimbursement for the costs of service of subpoenas, hearing and deposition transcripts, video of depositions, court reporter and videographer attendance fees, copying and printing, and witness fees. That total is $49,064, a small portion of the actual costs incurred. [1]

"Prevailing parties are entitled to receive costs under Fed. R. Civ. P. 54(d)" *EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). In pertinent part, Rule 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule "establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise." *See Chapman v. AI Transport*, 229 F.3d 1012, 1038 (11th Cir. 2000). However, because denial of costs to a prevailing party is penal in nature, "a

---

[1] Defendants will seek additional costs through their motion for sanctions pursuant to Rule 11, § 1927 and the Court's inherent authority. That will include additional document production costs, printing costs, and expert witness fees. This bill of costs and memorandum cover only costs taxable against the non-prevailing party.

1

district court must have and state a sound basis for doing so." *Id.,* p. 1039. The costs awardable under Rule 54(d) are those specified in § 1920, which provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; . . .
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

**1) SUBPOENA SERVICE FEES:**

The Court may tax as costs "[f]ees of the clerk and marshal...." 28 U.S.C. § 1920(1). The Eleventh Circuit has found that this specific provision provides for the recovery of private process servers serving subpoenas. *EEOC,* 213 F.3d at 624 ("We hold that private process server fees may be taxed pursuant to §§ 1920(1) and 1921."). Defendants seek **$810** for the costs of service of witness subpoenas. These fees are set forth on Exhibit A, with supporting invoices.

**2) PRINTED OR ELECTRONICALLY RECORDED TRANSCRIPTS.**

The Court may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case…." 28 U.S.C. § 1920(2). "Taxation of deposition costs is authorized by § 1920(2)." *EEOC,* 213 F.3d at 620. Under § 1920(2), a prevailing party may recover the costs arising from depositions that were "wholly or partially necessarily obtained for use in the case." 28 U.S.C. § 1920(2). This includes costs arising from (1) depositions "submitted by the parties in support of their summary judgment motions;" (2) depositions of witnesses on the losing party's witness list; and (3) depositions that were related to an issue in the case at the time that the deposition was taken. *EEOC,* 213 F.3d at 622. A deposition need not be admitted into evidence in order for the copying cost to be recoverable. *Murphy v. City of Flagler Beach*, 761 F.2d 622, 631 (11th Cir. 1985). "The *non-prevailing* party bears the burden of proving that

the taking of the deposition should not be taxed." *Zunde v. Int'l Paper Co.*, 2000 WL 1763843, *5 (M.D. Fla. July 20, 2000) (emphases added).

Video depositions are taxable if the notice of deposition stated that it would be taken by videographic means and no objection was raised.[2] *Morrison v. Reichhold Chems.*, 97 F.3d 460, 465 (11th Cir.1996); *Powell v. The Home Depot, U.S.A., Inc.*, 07-80435-CIV, 2010 WL 4116488, at *6 (S.D. Fla. 2010).

For such taxable depositions, the prevailing party may recover the cost of recording the depositions, as well as the attendance fees of the court reporter and other "reasonable costs associated with depositions, such as postage for the mailing of transcripts." *Sensormatic Elec. Corp. v. Tag Co. US*, 2009 WL 3208649, *6 (S.D. Fla. Oct. 2, 2009) (citing *E.E.O.C.*, 213 F.3d at 621).   It is of no use to pay to have a deposition transcribed if the copy is not delivered to counsel!

Defendants are not seeking reimbursement of the additional costs of rush or rough transcripts where those were separately charged.

The following witness's deposition costs are sought by Defendants.  If the transcript was filed, the docket entry is noted.  If Plaintiff listed a witness for trial at D.E. 443, that is also noted.  Finally, if the deposition was not filed, whether the deposition was scheduled by Plaintiff and whether the witness is an expert is noted.

---

[2] The charges for video are all for witnesses who could not be compelled to appear for trial because they live more than 100 miles from the district:  Rodriguez (Mexico); Bloemers, Roski, Hoctor Perkins, (Virginia); Pajonas (Connecticut) and Fox (Pennsylvania and Connecticut).

3

| Witness | Transcript | Witness | Transcript |
|---|---|---|---|
| Abbott (KPKB lawyer) | 630-1,2,3;  P witness list | Lord (P rebuttal expert)** | 540-1** P witness list |
| Bergman (KPKB Lawyer) | 630-4, 5;  P witness list | Massell(Penta) | 595-5; set by P, on P witness list |
| Berlin (KPKB Lawyer) | Not filed, but set by P and on P witness list | Pajonas (Pres. 1031 Tax Group) | 382-1 at 258 (day 1); 388-1 (Day2); Set by P; on P witness list |
| Berman (KPKB lawyer) | Not filed, but set by P and on P witness list | Perkins (In house lawyer to Okun) | 630-6;  Set by P on P witness list |
| Bloemers (Cordell agent) | Not filed, on P witness list | Powlishen (1031 Tax Group staff) | 382-1 at 333; set by P on P witness list |
| Chapman (represented a seller of 1031 Advance) | 382-1 at 133; set by P on P witness list | Roski (Penta) | 396-1; 630-8 Set by P; on P witness list |
| Chassen KPKB lawyer) | 372-1 Set by P; on P witness list | Schachter (lawyer for 1031 Advance sellers) | 382-1 at 190 Set by P; on P witness list |
| Chassen 2 | Set by P; on P witness list | Silverman (KPKB) | Party, set by P, on P witness list |
| Cordell 30b6 (Robin Rodriguez) x3 | 1: 393-1; 2 393-2; 3  549-1 Plaintiff witness | Smith (expert) | 597-2 **P's expert |
| Dashiell (1031 Advance Seller; 1031 Tax Group president) | 382-1 at page 54 Set by P; on P witness list | Soble (counsel to Cordell) | 375-2 at 9;  P's lead counsel on transaction |
| Field (Okun's CFO) | 595-4 Set by P; on P witness list | Spurlock (expert) | D.E. 755 Def. expert, set by P |
| Fox (expert) | Def. Expert, set by P | Stankee (counsel to Cordell) | 375-2 at 2; ref. in interrog by P; on P witness list;  P counsel on transaction |
| Griffen  (counsel to Cordell) | (excluded by D.E. 565) P counsel on transaction; set by P | Talenfeld (KPKB) | Set by P on P witness list |
| Hoctor (in house counsel to Okun) | Set by P, on P witness list; portions filed re Summary judgment motions | Zobrist (by Diffenbach)(Zobrist was counsel to Cordell) | 630-9;  set by P, on P witness list |
| Kaplan x2 (KPKB lawyer) | Party, set by P on P witness list | Kesselman (P rebuttal expert) | P expert; on P witness list |
| Kluger  (KPKB lawyer) | set by P on P witness list | Drogen | P counsel on other loans, deposed because of claims Kaplan and Silverman communicated with counsel to P |

Defendants incurred the following costs for attendance fees, transcript or video fees, and shipping or delivery fees:

| | | |
|---|---|---|
| Hearing Transcripts: | $ 1,755.76 | Exhibit B |
| Deposition Transcripts: | $26,636.89 | Exhibit C |
| Court reporter/videographer attendance fees: | $ 8,896.25 | Exhibit C |
| Shipping and handling: | $ 1,091.19 | Exhibit C |
| Video copies: | $ 4,458.00 | Exhibit C |
| Less prior reimbursement for Rodriguez per D.E. 618 | $ -2,537.55 | |
| | $-1,561.25 | |
| **Total for Transcripts:** | **$38,739.29** | |

Hearing transcript costs are set forth on Exhibit B, with attached invoices.

Deposition transcript and video costs are set forth on Exhibit C, with attached invoices

The costs of copies of exhibits and the cost of the "litigation support package will be addressed under the heading of printing costs.

**3) Printing Costs**

Under § 1920(3), fees and disbursements for printing are recoverable. This includes "reproductions involving paper in its various forms," including "oversize documents and color photographs." *Arcadian Fertilizer, L.P. v. MPW Indus. Services, Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). Under § 1920(4), costs for "copies of any materials where the copies are necessarily obtained for use in the case" are recoverable. 28 U.S.C. § 1920(4). Section 1920(4) does not exclude any categories of documents from its scope, and has been interpreted to include copying charges attributable to discovery, pleadings, motions, memoranda, depositions, exhibits, and all other necessary papers. *See Desisto College v. Town of Howey – In – the – Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989) (noting that § 1920(4) includes "[c]opies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits and documents prepared for the Court's consideration."). The prevailing party must prove that the copies were necessary. *See Zunde*, 2000 WL 1763843, *6.

Defendants obtained copies of the filings in Bloemers v. Okun, in which Cordell's trustee foreclosed on some of the collateral for the loan. Those documents were to be used as trial exhibits, and the cost was $**181.00** for the copies.

5

Defendants had one set of Plaintiff's exhibits and three sets of Defendants exhibits printed in order to mark the objections and have them available for trial.  That cost was **$3509**.

Defendants were subject to a document dump on the eve of Plaintiff's expert witness Sara Lord, and had to have the documents printed and delivered on a rush basis in order to be able to take the deposition the next day.  That cost was $**1,138.16**

*Deposition Exhibit Copies:*  The cost of obtaining copies of deposition exhibits is taxable. Exhibits to deposition transcripts may be taxed as 'costs of making copies of any materials where the copies are necessarily obtained for use in the case.' § 1920(4). In this document-intensive case, copies of exhibits were necessary for understanding and accurately preserving the testimony of the dozens of fact and expert witnesses that were deposed. Costs for exhibits to the deposition transcripts therefore will be awarded." *Tampa Bay Water v. HDR Eng'g, Inc.*, 8:08-CV-2446-T-27TBM, 2012 WL 5387830, at *18 (M.D. Fla. 2012). The costs of deposition exhibits are listed on the chart at Exhibit C. The total cost of obtaining copies of the exhibits was **$2285.05.**

*Electronic Document Production Costs:*  In addressing the taxation of electronic discovery charges under § 1920(4), courts have permitted recovery of the costs of conversion of native files to TIFF and scanning documents to create digital duplicates making copies of material and therefore taxable. *Race Tires Am., Inc. v. Hoosier Racing Tire Corp*., 674 F.3d 158, 167 (3d Cir.2012); *Ricoh Co. v. AMI Semiconductor*, 661F.3d 1361, 1365 (Fed. Cir. 2011); *Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir.2009) (affirming the district court's award of costs for "document processing" and holding that costs for "converting computer data into a readable format in response to plaintiffs' discovery requests ... are recoverable under 28 U.S.C. § 1920"); *BDT Products, Inc. v. Lexmark Intern., Inc*., 405 F.3d 415, 420 (6th Cir.2005) (affirming the district court's award of costs for electronic scanning and imaging).

"28 U.S.C. § 1920(4) allows the recovery of costs for "making copies of any materials where the copies are necessarily obtained for use in the case." The statute does not require that the copies be of the same type as the originals. Therefore, e-discovery conversions and scanning are recoverable costs.  *Aguiar v. Natbony*, 09-60683-CIV, 2011 WL 4387180, at *2 (S.D. Fla. 2011).   Defendants were required to produce documents from the electronic email files of Jeff

6

Berman, by searching his email box and converting the documents for production.[3] In addition, Defendants were required to scan and convert to .tiff documents from boxes of hard copy files. These costs are $**816**[4].

Not all courts recognize that copying costs include the cost of Bates-stamping documents because that service is necessary to reproduce a document in a way that is organized and useful to the opposing party and the Court. Many do. *Truck Components, Inc. v. Beatrice*, 1996 WL 402520, at *10 (N.D. Ill. 1996); *MCM Partners, Inc. v. Andrews-Bartlett Assoc., Inc.*, 1997 WL 567795, at *5 (N.D. Ill. 1997). Because Local Rule 26.1(g)(7) requires that documents be numbered, these costs are not "for the convenience of counsel" and are a cost of copying that should be reimbursed.

*Litigation Support Package Costs for Depositions:* Courts have generally not allowed the costs of litigation support packages, which include the electronic copies and "miniscript" copies of depositions, with word indexes. However, Defendants seek these costs as a substitute for copy costs. Because of the Court's requirements for ECF filing, when complete copies of depositions were filed with the Court, it was done by using the electronic copies, rather than by making a paper copy as was required in the past. The Court also requires that documents filed with it be searchable. The litigation support package allows searchable copies to be filed. Thus, the litigation package is necessary to file electronic "copies" of depositions in accordance with the Court's filing requirements. When filings were done by providing papers to the clerk of the Court, the costs of copying documents to be attached as exhibits were recoverable. Therefore, the costs of making the documents comply with the Court's filing requirements is the equivalent of the older paper copy and should be reimbursed.

The costs of the litigation package for most of the depositions was $43.50. Attached as Exhibit C is a chart listing the costs and number of pages for each deposition, with supporting invoices. Defendants incurred **$1585.50** in these costs.

---

[3] "Though the statute has been broadened to allow for copying materials as opposed to just papers, it is not so broad as to cover general electronic discovery costs that precede copying or scanning of materials." *Finnerty v. Stiefel Labs., Inc.*, 900 F. Supp. 2d 1317, 1321 (S.D. Fla. 2012). Defendants are not seeking the costs other than the scanning and conversion.

[4] The costs of the document production are exponentially higher than this, but the way that they are billed does not result in separate charges for the conversion of only the documents actually produced from electronic files in most instances. The ESI charges will be sought as sanctions pursuant to Rule 11 and § 1927.

Copy and Print costs:

| | | |
|---|---|---|
| Copies of pleadings in foreclosure | $ 181.00 | Ex. D. |
| Trial exhibits: | $ 3,509.00 | Ex. D. |
| Sara Lord (expert) documents: | $1,138.16 | Ex. D. |
| Berman Production | $ 375.00 | Ex. D. |
| Hard Copy production: | $ 441.00 | Ex. D. |
| Deposition Exhibits: | $2,285.05 | Ex. C. |
| Lit support package | $1.585.50 | Ex. C. |

Total Copy and Print Costs:  **$9512.71**

## Conclusion

Defendants seek entry of an order requiring Plaintiff to pay $49,064 in total taxable costs to Abbey Kaplan and Steve Silverman jointly.

Respectfully submitted, this 23rd day of November, 2015,

s/ Deborah S. Corbishley
Richard H. Critchlow, Esq. (FL Bar #155227)
Deborah S. Corbishley, Esq. (FL Bar #588229)
KENNY NACHWALTER, P.A.
201 South Biscayne Blvd., Suite 1100
Miami, Florida 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
rcritchlow@knpa.com
dcorbishley@knpa.com
C*ounsel for Defendant Abbey L. Kaplan*

s/ Edward R. Shohat
Edward R. Shohat, Esq. (FL Bar #152634)
JONES WALKER
201 South Biscayne Blvd., Suite 2600
Miami, Florida 33131
Telephone 305.679.5700
Facsimile 305.679.5710
eshohat@joneswalker.com

*Counsel for Defendant Steve I. Silverman*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 23, 2015, I electronically filed the foregoing and its exhibits with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

/s Deborah S. Corbishley
Deborah S. Corbishley

*Cordell Consultant, Inc. Money Purchase Plan and Trust, v. Eliot C. Abbott, et al*

**SERVICE LIST**

Irwin R. Gilbert, Esq. (FL Bar #099473)
Sayed M. Zonaid, Esq. (FL Bar #113442)
KELLEY KRONENBERG
1475 Centrepark Blvd., Suite 275
West Palm Beach, Florida 33401
Telephone: 561-684-5956
IGilbert@kelleykronenberg.com
Irgeservice@kelleykronenberg.com


Bryan J. Yarnell, Esq. (FL Bar #088900)
YARNELL LAW OFFICES
11000 Prosperity Farms Road,
Suite 205
Palm Beach Gardens, FL 33410
Telephone: (561) 622-1252
Facsimile: (561) 799-1904
bryanyarnell@gmail.com
*Counsel for Plaintiff*

Richard H. Critchlow, Esq. (FL Bar #155227)
Deborah S. Corbishley, Esq. (FL Bar #588229)
KENNY NACHWALTER, P.A.
201 South Biscayne Blvd., Suite 1100
Miami, Florida 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
rcritchlow@knpa.com
dcorbishley@knpa.com
*Counsel for Defendant Abbey L. Kaplan*


Ramon Rasco, Esq. (FL Bar #0617334)
PODHURST ORSECK, P.A.
City National Bank Building – 8th Floor
25 West Flagler Street
Miami, Florida 33130
Telephone: (305) 358-2800
Facsimile: (305) 358-2382
rrasco@podhurst.com
*Counsel for Defendant, Eliot C. Abbott*

Marilyn G. Kohn, Esq.
KLUGER, KAPLAN, ABBEY KAPLAN,
KATZEN & LEVINE, P.L.
201 S. Biscayne Blvd., 17th Floor
Miami, Florida 33131
Phone: (305) 379-9000
Facsimile: (305) 379-3428
mkohn@klugerkaplan.com
*Counsel for Defendants, Abbey L. Kaplan and Steve I. Abbey Kaplan*

Howard D. DuBosar, Esq. (FL Bar #729108)
THE DUBOSAR LAW GROUP, P.A.
1800 N. Military Trail, Suite 470
Boca Raton, Florida 33436
Telephone: (561) 544-8980
Facsimile: (561) 544-8988
hdubosar@dubosarnavon.com
*Counsel for Defendant, Kluger, Peretz, Kaplan & Berlin, P.L.*

Edward R. Shohat, Esq.
JONES WALKER
201 South Biscayne Blvd., Suite 2600
Miami, Florida 33131
Telephone 305.679.5700
Facsimile 305.679.5710
eshohat@joneswalker.com
*Counsel for Defendant Steve I. SILVERMAN*

10